# DUNCAN *v.* THE STATE OF INDIANA.

### [No. 21,265. Filed December 17, 1908.]

1. TRIAL.—*Burden of Proof.—Self-Defense.—Criminal Law.*—The burden is upon the State to prove beyond a reasonable doubt that the act charged against accused was not committed while the accused was in the exercise of his right of self-defense. p. 446.

2. SAME.—*Instructions.—Burden of Proof.—Self-Defense.—Invited Error.*—The accused cannot be heard to complain of instructions placing upon him the burden of proving beyond a reasonable doubt his plea of self-defense, where he asked an instruction embodying the same doctrine. p. 447.

3. CRIMINAL LAW.—*Self-Defense.—To Whom Available.*—The law of self-defense is available only to those who act honestly and in good faith, and cannot be used as a shield for the protection of one clearly guilty of murder. p. 447.

4. TRIAL.—*Instructions.—Self-Defense.—Honest Exercise of Right.*—In a case of murder, the jury being instructed as to the law of self-defense, it is not erroneous to instruct that if, upon the facts, it appears beyond a reasonable doubt that the defendant in taking decedent's life was not honestly and in good faith exercising such right of self-defense, he cannot be acquitted upon that ground. p. 447.

5. HOMICIDE.— *Self-Defense.— Public Alley.— Debauching Decedent's Wife.—Fault.*—An accused who, in the night, enters a public alley adjacent to the premises of decedent in an attempt to debauch decedent's wife, is not "in a place where he has a right to be and without fault," as those terms are employed in the law of self-defense. p. 448.

6. TRIAL.—*Instructions.—Murder.—Right to Defend Home.*—In a murder case where there was evidence that the accused had maintained improper relations with decedent's wife, and that accused had taken decedent's life, at night, in the alley at the rear of decedent's house, an instruction that decedent had a lawful right, by the use of reasonable means, to protect the honor and sanctity of his home from any person who might seek to bring it into

disgrace by having improper relations with his wife, is applicable to the case and not erroneous nor misleading. p. 449.

7. TRIAL.—*Instructions.—Enumerating Facts.—Omissions.*—An instruction enumerating particular facts to be considered upon the question of the accused's good faith in his claim of self-defense, in connection with "all the evidence and the facts and circumstances as shown by the evidence surrounding and leading up to the killing," is not open to the criticism that it omits essential facts. p. 450.

8. SAME.—*Instructions.—Assumption of Facts.*—An instruction that the accused had introduced evidence tending to prove a good reputation for peace and quietude "prior to the time of the commission of the crime herein charged," does not assume that a crime had been committed. p. 450.

9. SAME.—*Instructions.—Murder.—Ejecting Intruders from Premises.*—An instruction that decedent had the legal right to eject the accused from decedent's premises, which was at first refused, but afterwards given, affords no cause for complaint on the part of the accused. p. 450.

10. SAME.—*Instructions.—Duplication.*—It is not erroneous to refuse to give instructions, where the substance thereof is covered by instructions already given. p. 451.

11. EVIDENCE.— *Objectionable Questions.— Failure to Answer.*— Error cannot be predicated upon the overruling of an objection to a question, where no answer was given thereto. p. 451.

12. SAME.—*Concealed Revolver.—Opinions.—Motions to Strike Out.* —The question, in a murder case, "Did you feel any weapon in his [accused's] coat at that time?" is not objectionable, and if the answer, "Yes, I felt something in his pocket. I was satisfied it was a revolver," was objectionable, the proper course was to move to strike out. p. 451.

13. SAME.—* Quarreling. — Murder. —* Evidence of hearing quarreling is admissible in a murder case, though the witness could not understand any of the language used. p. 451.

14. SAME.—*Excluding Questions.—Failure to Make Offer of Proof.* —Where the trial court sustained objections to a proposed question, and no offer was made showing what the testimony would be in answer thereto, no question can be raised thereon on appeal. p. 451.

15. SAME.—*Uncommunicated Threats by Decedent.—Murder.*—Evidence of uncommunicated threats made by decedent against the accused is admissible in a murder case, where there is evidence that decedent first attacked the accused. p. 452.

16. SAME.—*Hearsay.—Uncommunicated Threats.*—It is not erroneous to refuse to permit the accused to testify that, on the night when the homicide took place, a third person saw decedent

exhibit a knife and threaten the accused, such evidence being hearsay. p. 452.

17. EVIDENCE.— *Striking Out.— Cross-Examination.—Discretion.— Effect.*—Requiring a character witness, on cross-examination, to answer an hypothetical question for the adverse party is not, of itself, an abuse of discretion; and where the court subsequently struck out the testimony so elicited, no available error is shown. p. 452.

18. TRIAL.—*Argument to Jury.—Misconduct of Counsel.*—Misconduct of counsel in the argument to the jury cannot be availed of in a motion for a new trial, where the record fails to show any motion, ruling or exception, at the time in reference thereto. p. 452.

19. APPEAL.— *Briefs.— Rules.— Merits.*— The Supreme Court has the power to disregard the strict letter of the rules in the preparation of briefs, and decide an appeal upon its merits. p. 453.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Prosecution by The State of Indiana against Francis M. Duncan. From a judgment of conviction, defendant appeals. *Affirmed.*

*Jesse Sanford, Edwin Glascock, Elmer J. Binford* and *Edward W. Felt,* for appellant.

*James Bingham,* Attorney-General, *Charles L. Tindall,* Prosecuting Attorney, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

MONTGOMERY, J.—Appellant was convicted of murder in the second degree, and assigns error upon the overruling of his motion for a new trial. The motion for a new trial was predicated upon the giving of improper instructions, the refusal to give instructions at the request of appellant, and the erroneous admission and exclusion of evidence

Instructions four, twenty-six, twenty-nine and thirty, given by the court, are attacked upon the ground that in each of them the burden of establishing his defense beyond a reasonable doubt was erroneously imposed upon appellant. Agreeing upon the legal principle involved, and conceding the truth of this contention, the State insists that the erroneous expression, if any, embodied

Duncan v. State—171 Ind. 444.

in these instructions, will not constitute available error, since appellant requested, and caused the court to 2. give, other instructions containing the same error, and in which he expressly assumed the burden of establishing his alleged defense, to the exclusion of a reasonable doubt. Instruction thirty-two, given at appellant's request, and others tendered, required him to prove every element of self-defense beyond a reasonable doubt to justify the killing and authorize his acquittal. This instruction is as clearly open to the criticisms urged as any given by the court of his own motion or at the instance of the State. When it appears that an appellant has incorporated an erroneous principle or declaration of law in an instruction, and requested the same to be given, it is well settled that he will be held to have invited such error, and estopped from complaining that other instructions of the same import were given by the trial court. Elliott, App. Proc., §§626, 627, 630; 12 Cyc., 885; *Lawson* v. *State* (1908), *ante*, 431; *Eacock* v. *State* (1907), 169 Ind. 488; *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 7 L. R. A. (N. S.) 143; *Indiana, etc., Traction Co.* v. *Jacobs* (1906), 167 Ind. 85; *Consolidated Stone Co.* v. *Morgan* (1903), 160 Ind. 241; *Baltimore, etc., R. Co.* v. *Conoyer* (1898), 149 Ind. 524; *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533.

It is next contended that certain instructions given tended to confuse the jury, and to cast suspicion upon the doctrine of self-defense. The instructions set out are not 3. open to the first criticism advanced, nor fairly subject to the charge of disparaging the right of self-defense. The law of self-defense is available only to those who act honestly and in good faith, and cannot be employed as a shield for the protection of one clearly guilty of murder.

It is not improper for a trial court, in a case involving a disputed claim of self-defense, after fully in-
4. structing upon that subject, to admonish the jury that if, upon the facts and circumstances shown by the evidence

in the case on trial, it appears beyond a reasonable doubt that in taking the life of the deceased the defendant was not honestly and in good faith exercising such right of self-defense, he cannot be acquitted upon that ground. The instructions under consideration were within the principle just declared, and fully warranted by the evidence.

Complaint is made of the refusal to give appellant's instructions twenty-one, twenty-eight and thirty-one, as requested. These instructions reiterated appellant's

5. right, at the time of the encounter, to be in the public alley in the rear of the premises upon which the deceased was living, and asserted the further proposition that although it be conceded that appellant had theretofore sustained illicit sexual relations with the wife of the deceased, and at the time in question was in the alley seeking an opportunity for having such intercourse, such fact would afford no legal excuse or justification for an attack upon him by the deceased. The jury was fully advised by numerous instructions that while in the lawful use and enjoyment of the public alley appellant was in a place where he had a right to be; but the idea sought to be impressed by the second proposition embraced in the requested instruction is radically and grossly wrong. The deceased was not on trial for an assault upon appellant, and it was but incidentally material whether he was legally justifiable in making such assault, if any was in fact made. Appellant claiming an assault and a killing of his adversary in self-defense, the important question was whether he was free from fault tending to provoke the fatal encounter. In this connection one of the instructions refused declared that, being in a public alley, appellant should be held without fault unless shown to be at the time committing some act in violation of the law of the land. The highways are provided for the use of the public as a general means of travel, and may not be rightfully employed for lascivious and immoral pur-

poses. If appellant, armed with a deadly weapon, was lurking about the alley for the sole purpose of debauching the wife of the deceased, and thus menacing the personal safety and the sanctity of the home of deceased, when attacked, he was not in a place where he had a right to be and without fault. It would be a reproach upon the law and our civilization to acquit a villain of fault in provoking an attack upon himself by his intended victim while lurking about his premises in the darkness for the avowed purpose of kidnapping, or committing larceny, burglary or arson. It would be alike absurd to hold a libertine confessedly guilty of defiling the wife of another without fault when assaulted by the outraged husband while upon or about his premises under cover of darkness seeking an opportunity to repeat the offense. The doctrine advanced in the refused instructions is antagonistic to moral precepts, and fundamental principles of law, both human and divine. 21 Cyc., 809.

Appellant's next insistence is that instructions should embody some proposition of law within the issues, and be definite and clear. Certain intructions given are alleged to be so general as to be misleading and erroneous. The sixth, charged with this fault, reads as follows: "The deceased had the right under the law to protect, by reasonable means, the honor and sanctity of his home from the defendant and all other persons who might seek to bring it into disgrace by having illicit sexual intercourse with the wife of the deceased." This instruction was peculiarly applicable to the evidence, and was made proper and necessary by appellant's claim that he was without fault in the encounter. It embraces a correct and wholesome principle of law, worthy of wide publicity. The jury could not have been misled in this connection, and appellant's criticisms of these instructions are without substantial merit.

The sixteenth instruction is condemned by counsel because it does not include and specifically enumerate every fact and

circumstance which the jury might consider in de-
7. termining appellant's claim that the killing was justi-
fiable. This instruction enumerated particular mat-
ters given in evidence proper to be considered by the jury
upon the subject of the good faith of appellant's alleged
self-defense in connection with "all the evidence and the
facts and circumstances as shown by the evidence surround-
ing and leading up to the killing." Counsel rely upon the
cases holding an instruction to be defective and erroneous,
which undertakes to state all the elements of an offense nec-
essary to a conviction, but omits an essential element. This
instruction does not come within the rule invoked, and in
any event its terms are not open to the criticisms made. No
error was committed in giving this instruction. *Indianapo-
lis, etc., R. Co.* v. *Bennett* (1906), 39 Ind. App. 141.

In the introductory part of an instruction upon the sub-
ject of good character the court said that appellant had in-
troduced evidence tending to prove a good reputation
8. for peace and quietude "prior to the time of the
commission of the crime herein charged." It is ar-
gued that by this expression the court erroneously assumed
that a crime had been committed. This claim is manifestly
unwarranted, since the reference is merely to the crime
"charged" in the indictment.

The State tendered an instruction defining the right of the
deceased to exclude appellant from his premises, and deny-
ing appellant's right to resist such expulsion, which
9. was at first refused, but subsequently, upon rein-
structing the jury, was given with the others previ-
ously read. The propositions of law were correctly stated,
and there was evidence making the instruction pertinent.
It follows that appellant has no ground of complaint be-
cause the court did tardily what ought to have been done in
the first instance.

The court refused to give two of appellant's instructions

relating to evidence which had been stricken out. The 10. subject-matter of the tendered instructions was fully and sufficiently covered by others given, and no error was committed in this respect.

A witness for the State was asked whether he had ever seen appellant going in the direction of the home of the deceased, and to this question appellant's objection 11. was overruled and an exception saved. No answer was made, but another question somewhat similar was propounded and answered without objection. There is no prejudicial error where an objectionable question is asked but no answer given. *Sharon* v. *Sharon* (1889), 79 Cal. 633, 22 Pac. 26, 131; *Warson* v. *McElroy* (1889), 33 Mo. App. 553.

A witness for the State was permitted to answer, over appellant's objection, the following question: "Did you feel any weapon in his [appellant's] coat at that 12. time?" The answer was: "Yes, I felt something in his pocket. I was satisfied it was a revolver." The question was not open to objection, and if any part of the answer was improper it should have been rejected upon motion. No motion to strike out was made, and no error is shown.

Complaint is made of the court's refusal to strike out a responsive answer in which the witness said: "I heard quarreling." We think this ruling was right, and that the 13. witness might know as a fact, without being able to distinguish the words used, that persons were quarreling, as he might say that he heard crying or singing.

Appellant propounded certain questions to his own witnesses to which the objections of the State were sustained, and in connection with which no statement was made 14. as to the answer to be elicited or expected in response to such question. No error was saved in these cases by excepting to the rulings. Elliott, App. Proc., §743.

When appellant was on the stand as a witness, an offer was made to prove by him that Mr. Butler saw the deceased exhibit a knife and heard him say at the same time that he was waiting for appellant, and intended to kill him if he had an opportunity. This offer was excluded. It was not shown when or how appellant learned of the incident he proposed to relate, nor was any claim made that his conduct on the night of the killing was in any manner influenced by this alleged threat. Mr. Butler was not called as a witness in the case. Assuming that the threat inquired about was unknown to appellant at the time of the homicide, it would still be competent evidence in his favor after having shown an attack by the deceased, as tending to show the motive and character of such attack, but the proof should be made by the witness having knowledge of the fact, and not by hearsay testimony as attempted in this instance. *Guy* v. *State* (1906), 37 Ind. App. 691; *Leverich* v. *State* (1886), 105 Ind. 277, 280; 21 Am. and Eng. Ency. Law (2d ed.), 222.

Appellant complains of the putting of a hypothetical question in cross-examination of his character witnesses. The trial court must of necessity exercise a liberal discretion in controlling cross-examinations, and we think no abuse of discretion is shown in this instance, but since the court subsequently struck out this question in every case and the answers thereto, and admonished the jury not to consider them in determining the merits of the case, no ground of complaint remains. *Pigg* v. *State* (1896), 145 Ind. 560; *Anderson* v. *State* (1897), 147 Ind. 445; *Blume* v. *State* (1900), 154 Ind. 343; *Smith* v. *State* (1905), 165 Ind. 180.

Alleged misconduct of the prosecuting attorney in argument is assigned as a ground for a new trial, but the record fails to show any objection to such argument, or ruling of the court with respect thereto made or refused to which an exception was saved, and hence no ques-

tion is presented for our consideration. *Hill* v. *State* (1908), 169 Ind. 561, and cases cited.

The Attorney-General has challenged the sufficiency of appellant's brief to present some of the questions sought to be raised, but, appreciating the importance of the interests involved, we have resolved all practice questions in favor of appellant, and carefully .considered all propositions advanced as errors. We have found the alleged errors to be purely technical, and without substantial merit, as before shown. Appellant's counsel do not claim that the evidence was insufficient to sustain the conviction, and, in our opinion, no such contention could have been plausibly urged. The conviction was right upon the evidence before us, and the motion for a new trial was properly overruled.

The judgment is affirmed.