**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose BECERA–SOTO, Defendant-**
**Appellant.**

**No. 16112.**

United States Court of Appeals
Seventh Circuit.

Dec. 5, 1967.

Rehearing Denied Jan. 23, 1968 en banc.

Jerome Rotenberg, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John J. McDonnell, Chicago, Ill., for appellee, John Peter Lulinski, Gerald M. Werksman, Asst. U. S. Attys., of counsel.

Before CASTLE, SWYGERT and CUMMINGS, Circuit Judges.

CASTLE, Circuit Judge.

The defendant-appellant, Jose Becera-Soto, prosecutes this appeal from the judgment of conviction and sentence entered following a jury trial on a three-count indictment charging him with the unlawful sale and possession of heroin.[1] Defendant was convicted on all three counts and sentenced to concurrent twenty-year terms of imprisonment.

The defendant predicates the existence of prejudicial error requiring a reversal upon the District Court's denial of his motion for a mistrial, the court's denial of his pre-trial motion for a mental examination, and upon comment made by the prosecutor in the course of his closing argument to the jury.

Both the sale and the possession of narcotics by the defendant as charged in

1. The indictment charges defendant with a September 22, 1966, sale of a narcotic drug in violation of 26 U.S.C.A. § 4705 (a), and with the unlawful receipt, etc., of a narcotic drug on two occasions, September 22 and October 14, 1966, in violation of 21 U.S.C.A. § 174.

the indictment were clearly established by the testimony of government agents. The defendant offered no evidence.

The record discloses that Hector Jordan, a government undercover agent, met the defendant in August, 1966, and subsequently discussed the purchase of narcotics from him. On September 22, 1966, Jordan went to the El Salto Tavern where he was approached by the defendant who said he had 10 grams of heroin. Jordan agreed to buy 5 grams and at Soto's request they left the tavern and proceeded to Carpenter and 18th Street, where Soto left the car and walked west. Soto returned within ten minutes and gave Jordan five aluminum foil packets which contain a brown powdery-like substance.[2] Soto demanded and received $300.00 in payment therefor.

On October 12, 1966, Soto told Jordan that a shipment of heroin was to arrive from Mexico on the 13th or 14th. Jordan telephoned Soto on the 14th at about 1:00 A.M. Soto told Jordan to meet him at the rear of the tavern and bring $25,-000 with him. When Jordan arrived at the tavern Soto took him through the kitchen and into a bedroom where he showed him 11 plastic bags containing a powder-like substance. Jordan agreed to the purchase and told Soto that he had to go to his car to get the money. He went outside and opened the trunk of his car, a pre-arranged signal to the several government agents who were stationed in the vicinity. Jordan returned to the tavern and while he was counting out money from a "flash roll" a noise was heard at the back door of the tavern. Soto yelled, "It's the police. Let's run out the front door". The two ran toward the front door but several agents were entering the tavern and Soto threw the bag containing the 11 packages of heroin[3] on the bar. Soto was then placed under arrest and advised as to his constitutional rights in conformity with the standards set forth in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Jordan also was taken into custody,[4] and both were taken to an office of the Federal Bureau of Narcotics.

Jordan, in addition to his testimony relating to the defendant's activities as above summarized, also testified that while he and the defendant were alone in a private room at the Bureau's office a conversation took place. In response to the prosecutor's question as to what was said, Jordan replied:

"He [the defendant] told me that everything was all right, that I shouldn't worry, that we would stick together and say that somebody else placed that container * * * on the bar."

Defendant's counsel claimed surprise and objected to the admissibility of the statement on the basis that the defendant was in custody and Jordan had not, at that time, revealed his identity as a government agent. The court sustained the objection, immediately directed the jury to disregard the alleged conversation, but denied the defendant's motion for a mistrial. In charging the jury, the court again instructed the jury that it was to disregard all answers which the court had directed stricken.

The government contends that inasmuch as the defendant's in-custody statement was offered voluntarily and not induced or elicited by the government, and the defendant prior thereto had been properly advised with respect to his constitutional rights, it is beyond the proscriptions of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and Massiah v. United States, 377 U.

2. Frank Cruse, a surveilling agent on that occasion, corroborated the meeting and movements of Jordan and Soto. He made a field test which indicated the substance was heroin. A subsequent chemical analysis confirmed this.

3. Bernard L. Coulter, a government agent, testified that he saw the defendant throw the bag on the bar, corroborating the testimony of Jordan in this respect. He further testified he made a field test on the contents which was positive. A subsequent chemical analysis confirmed that the substance was heroin.

4. Jordan explained that his "arrest" was to protect his undercover disguise.

S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, is admissible, and should not have been stricken.[5] In this connection the government urges that under the doctrine of Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374, the fact that Jordan had not disclosed his status as a government agent to the defendant does not make the statement inadmissible.

■■ But, in the posture of this case, we need not appraise the validity of the government's position relative to the admissibility of the testimony which was stricken. The circumstances here are such that we are convinced that assuming inadmissibility of the defendant's in-custody statement, nevertheless, the trial court's denial of the defendant's motion for a mistrial could have resulted in no error requiring a reversal. The clear evidence of the defendant's guilt together with the prompt action by the court in striking the testimony in question and directing the jury to disregard it serves to preclude a conclusion that the defendant was unfairly prejudiced by the witness' recital of the alleged post-arrest statement. In the context of this case, and in relation to the other evidence clearly demonstrating the defendant's guilt, to characterize the jury's verdict as having been influenced by, or as having been the product of, the testimony which was stricken involves an assumption that the jury did not rely on the testimony of Jordan regarding the pre-arrest events, and its corroboration in some critical factors by two other witnesses, but somehow was swayed by his uncorroborated testimony with reference to the post-arrest statement which the jury was instructed to disregard. Such reasoning is in our judgment too tenuous to support a reversal here. It certainly fails to demonstrate the existence of the exceptional case where a mistrial should be ordered. Hopt v. People, 120 U.S. 430, 438, 7 S.Ct. 614, 30 L.Ed. 708.

■ We turn to consideration of the defendant's contention that the court erred in denying his motion for a mental examination. The motion was filed on January 3, 1967, the day prior to the defendant's trial. It was grounded on 18 U.S.C.A. § 4244, set forth that the defendant had in the past received treatment in mental hospitals, but concluded with allegations to the effect that in connection with a state court prosecution Dr. William H. Haines of the Behavior Clinic, Criminal Court of Cook County, Illinois, had on May 13, 1966, reported that defendant "knows the nature of the charge and is able to cooperate with his counsel" and that thereafter, on June 3, 1966, a jury impanelled in the state court found the defendant to be competent. The motion contained no representation of any change in the defendant's mental status from that established by the examination and adjudication only six months previously. Nor did it assert any ground which in the context presented might constitute reasonable cause to believe that the defendant lacked a present mental capacity to stand trial. The motion was patently insufficient. It set forth no ground for belief that the defendant was "presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense" as is required to invoke the procedures provided in § 4244. Defendant's oral renewal of the motion at the commencement of the trial on the following day supplied nothing to overcome the deficiency. The motion was therefore subject to summary denial. Krupnick v. United States, 8 Cir., 264 F.2d 213, 216. As we had occasion to point out in Behrens v. United States, 7 Cir., 312 F.2d 223, 224:

"18 U.S.C.A. § 4244 contemplates that a motion on behalf of an accused for a judicial determination of mental competency to stand trial shall set forth

---

5. In support of this contention the government cites United States v. Smith, 7 Cir., 379 F.2d 628; United States v. Gardner, 7 Cir., 347 F.2d 405; Paroutian v. United States, 2 Cir., 370 F.2d 631;

Stowers v. United States, 9 Cir., 351 F. 2d 301, and United States v. Accardi, 2 Cir., 342 F.2d 697; and as contra: Hancock v. White, 1 Cir., 378 F.2d 479.

the ground for belief that such mental capacity is lacking."

Cf. Meador v. United States, 9 Cir., 332 F.2d 935, 936–937; Lewellyng v. United States, 5 Cir., 320 F.2d 104, 105–106. The District Court did not err in denying the motion.

The defendant's remaining contention concerns the propriety of the prosecutor's comments in closing argument that the testimony of government witnesses was "unrebutted". The jury had been properly instructed that it should not be influenced in any way by the defendant's omission to testify. No objections were made to the comments of the prosecutor. They were not of a nature that they may now be relied upon as prejudicial error requiring a reversal under Rule 52(b) of the Federal Rules of Criminal Procedure (18 U.S.C.A.). United States v. Vasen, 7 Cir., 222 F.2d 3, 5; United States v. Wright, 7 Cir., 309 F. 2d 735, 738–739.

We express our thanks to Mr. Jerome Rotenberg, court-appointed counsel, for his dedicated representation of the defendant.

The judgment order of the District Court is affirmed.

Affirmed.