DUKE *v.* STATE OF INDIANA.

[No. 30,917. Filed January 25, 1968.]

*Robert H. Van Brunt* and *Paul H. Frazier,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Booker T. Duke, appellant, from his conviction after jury trial in the Criminal Court of Marion County, Division Two of two violations of the 1935 Narcotics Act.

Count No. 1 of the affidavit charged the defendant with the offense of having in his possession and under his control a narcotic drug, to-wit heroin, a derivative of opium. Ind. Anno. Stat. § 10-3520 (1956 Repl.).

Count No. 2 of said affidavit charged the defendant with selling a narcotic drug, to-wit heroin, a derivative of opium. Ind. Anno. Stat. § 10-3520, *supra.* Judgment was entered upon the jury's verdict of guilty upon both counts.

The only question presented to this Court in this appeal is whether or not two separate voluntary statements of witness William Owen, a Police Officer, prejudiced the jury. The record clearly reveals that at the time of said voluntary state-

ments the appellant did make objection and moved for mistrial. The motions for mistrial were made by Charles A. Walton, attorney for appellant, during the trial, when the following answers were given by Officer Owen in response to cross-examination questions by Mr. Walton.

"Q. The truth is, you have never found this man with any narcotic drugs on his person, have you?

A. Yes, we have.

Q. On his person?

A. Not on his person.

Q. When I ask a question, answer it.

A. In the automobile he was in we found heroin.

MR. WALTON: I object and move it be stricken as not responsive to the question. I am going to move for a mistrial.

THE COURT: Motion for mistrial overruled. The jury will ignore the answer pertaining to the automobile in arriving at a verdict in this case. The answer will be stricken from the record."

Later a second oral motion for mistrial was made by the attorney for the appellant when the following questions were asked by Charles A. Walton on cross-examination of the State's witness, William Owen:

"Q. Six? You have arrested this man once since this April 7, 1965, haven't you?

A. That is right.

Q. You jumped out of a pickup truck and had him arrested and taken to jail, didn't you?

A. We did.

Q. Three days later he was released?

A. After an analysis showed what he had was just cutting material.

MR. WALTON: I move that be stricken, and ask that the case be removed from the jury and declared a mistrial.

THE COURT: Motion for mistrial overruled. The answer will be stricken from the record. The jury will

ignore the statement in arriving at a verdict in this case.

MR. WALTON: I have no further questions from this witness, Your Honor."

The appellant in the argument portion of his brief in a discussion of the first voluntary statement of Police Officer Owen contends that this was an attempt to get into the record an alleged federal violation some six (6) months prior to the date of the alleged offense upon which he stood trial at the time. However, the recital of such facts is outside the record and therefore not properly before this Court. There was nothing in the "voluntary statement" which made any reference to a federal violation. Further, it should be pointed out that appellant's only objection to the voluntary statement was that it was not responsive to the question. In a sense and in the vernacular of the profession it would appear that when attorney Walton quipped, "When I ask a question, answer it" he had probably asked for the response which he received. And further, it is highly possible that said voluntary statement might have been, if retained in the minds of the jury, an explanation of his previous erroneous answer when he responded to a question concerning whether or not he had ever found the defendant with any narcotic drugs on his person. However, we need not concern ourselves with what the actual effect of the voluntary statement might have been for the judge overruled appellant's motions for a mistrial, but sustained his objections to the voluntary statements in both instances, ordered said statements stricken from the record and admonished the jury to ignore said statements.

We believe the law is well settled that whether circumstances have arisen which would require the withdrawal of the case from the jury, and the discharge of the jury on the basis of a motion for mistrial, rests largely in the sound discretion of the trial judge. *Greenwalt* v. *State* (1965), 246 Ind. 601, 209 N. E. 2d 254, 260. Therefore,

we hold that the trial court acted within its sound discretion in overruling both of said motions for mistrial. Further, it should be pointed out that each of said motions for mistrial failed to demonstrate in what manner the appellant would be prejudicially harmed if said motions were denied by the court. In this case the judge's order to strike the voluntary statements from the record and his remarks relative thereto were tantamount to an admonition to the jury to disregard said statements on each occasion.

In the case of *Duncan* v. *State* (1908), 171 Ind. 444, 86 N. E. 641 this Court stated:

"(S)ince the court specifically struck out this question in every case and the answers thereto, and admonished the jury not to consider them in determining the merits of the case no ground of complaint remains." *Id.* at 452.

See also *Chesterfield* v. *State* (1923), 194 Ind. 282, 288, 141 N. E. 632.

We therefore regard the judge's rulings and statements to the jury relative thereto, as having clearly admonished the jury to disregard the voluntary statements of the witness, and the appellant has failed to demonstrate reversible error.

The appellant in his brief has asserted other errors. However, we have not discussed or disposed of said errors, for the reason that counsel for appellant in oral argument before this Court, admitted that said asserted errors were rebutted by the appellee State, and that appellant's positions relevant thereto, as briefed, were not well taken.

For all the foregoing reasons we hold that the appellant has failed to demonstrate reversible error and the judgment should be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn, Jackson and Mote, JJ. concur.

NOTE.—Reported in 233 N. E. 2d 159.