## Lester Grey Brown v. State of Indiana.

[No. 671S171. Filed May 1, 1972.]

*Jerome E. Levendoski,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with first degree burglary. Trial by jury resulted in a verdict of guilty as charged. Appellant was sentenced to the Indiana Reformatory for a term of not less than ten or more than twenty years.

The record discloses the following facts:

State's Witness Steven Irmscher testified that between midnight and daylight on October 22, 1967, he was at home with his parents at 3604 South Washington Street in the City of Fort Wayne. He was awakened by his dog growling. Upon investigation he found a man who he later identified as the appellant crouched on the stairway of the home. He called police from a neighbor's home giving them a description of

the man he had seen on the stairway. Within a few minutes the police arrived with the appellant in custody. Irmscher identified him as the man he had seen on the stairway. At the time Irmscher noticed the appellant had a fresh cut on his hand. There was also blood on the floor of the garage and on a door knob at the back of the house.

Police Officer David Racine testified that he was dispatched to the Irmscher home; that he had been given the description of the intruder; that as he approached the house he saw a man answering the description running diagonally toward him. The officer and his partner stopped the individual who he identified as the appellant.

The appellant agreed to return to the house for the purpose of identification.

Officer Kenneth Van Ryn testified that in making an investigation of the house he discovered the blood previously mentioned and sent samples to the laboratory. Testimony of Indiana State Police Laboratory Technician Keith Young established that the blood found in the home was human blood, Type A, which was the same type blood found on a bandaid worn by the appellant on his hand.

Appellant presented witnesses who testified that he had been to a party that night; however, the testimony of these witnesses did not contradict his presence at the Irmscher home.

Appellant's sole contention of error is that the trial court erred in overruling his motion for mistrial predicated on the testimony of Officer Racine as follows:

"Q. Do you recall any other conversation?
A. No, it was a short time prior to that when we discovered that he had been an escapee at that time from Pendleton, I believe, and we asked him about this, and he said that he had—

MR. LEVENDOSKI: Your Honor, I believe I would like to have a motion outside the presence of the Jury."

At that time the jury was excused and counsel made a motion for mistrial because of the reference of the police officer to the fact that the appellant was an escapee from Pendleton. We are here faced with another case in which we have what is known as an evidentiary "harpoon" injected by a witness in the presence of the jury. In recent months we have repeatedly stated that it is improper for a witness to inject statements concerning unrelated prior crimes involving a person on trial. However, in the case at bar, although the statement by the officer was improper, we hold that it is not reversible error under the circumstances of this case.

In the first place, the trial court admonished the jury that the remark by the officer was improper and that they would disregard it in their deliberations. Secondly, the facts as above recited were overwhelming in connecting the appellant with the burglary. We have previously stated that in this factual framework the answer of the witness was harmless error. *White* v. *State* (1971), 257 Ind. 64, 272 N. E. 2d 312, 26 Ind. Dec. 568; *Dillard* v. *State* (1971), 257 Ind. 282, 274 N. E. 2d 387, 27 Ind. Dec. 346. See also *United States* v. *Becera-Soto* (7th Cir. 1967), 387 F. 2d 792; *Duke* v. *State* (1968), 249 Ind. 466, 233 N. E. 2d 159, 12 Ind. Dec. 605; *Moore* v. *State* (1972), 258 Ind. 200. Although there is error in this record, we find that such error was harmless under the circumstances.

The trial court is, therefore, affirmed.

Arterburn, C. J., and Hunter and Prentice, JJ., concur; DeBruler, J. dissents with statement.

DeBruler, J.—I dissent for the reasons stated in my dissenting opinions in *Bonds* v. *State* (1972), 258 Ind. 241.

NOTE.—Reported in 281 N. E. 2d 801.