ROLAND LOLLA *v.* STATE OF INDIANA.

[No. 1171S328. Filed April 13, 1973.]

*Forrest Bowman, Jr., Martz, Bowman and Kammen, Ferdinand Samper, Sr., Ferd Samper, Jr.,* all of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Anthony J. Metz,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Defendant-Appellant was charged with first degree murder in the shooting death of Ella Dailey. After a trial by jury he was convicted of second degree murder and sentenced to the Indiana State Prison for not less than fifteen (15) nor more than twenty-five (25) years.

Appellant assigns three errors on this appeal as follows:

1. Whether or not the trial court erred in denying Defendant's motion for mistrial after the prosecutor had asked a police officer who was a witness for the State whether or not he had had a conversation with the Appellant. The contents of that conversation had been suppressed as evidence pursuant to the Defendant's motion. The Appellant claims further error because the court later made a comment that the jury did not need to read an exhibit offered by the defendant which counsel had introduced and a witness had repeated verbatim on the stand. Defendant claimed he was compelled to produce the statement in an attempt to mitigate the harm he thought had been done by the police officer's reference to a conversation.

2. Whether it was error for the Court to refuse to give Defendant's tendered Instruction No. 17.

3. Whether it was error for the Court to refuse to give Defendant's tendered Instruction No. 22.

Following Defendant's arrest the Defendant gave a statement to the police in the presence of Officer James Strode. During the trial of this cause the Defendant moved to suppress the contents of that statement on the grounds, *inter alia,* that the state had failed to comply with the statute requiring them to take the Defendant before a magistrate within six

hours of his arrest. IC 1971, 35-5-5-3 [*Burns' Ind. Stat. Ann.* § 9-1636 (1972 Supp.)]. After an extensive hearing out of the presence of the jury, the Defendant's motion to suppress the statement given by the Appellant was sustained. The trial proceeded, and during the testimony of police officer James Strode, the following questions appear in the transcript

"Q. Det. Strode, when's the first time you saw Roland Lolla, after May 29th, 1970?

A. That was on June the 1st, 1970, at approximately 7:40 P.M., that evening.

Q. Did you have a conversation with him at that time?

A. Yes, sir.

Q. Now, ...."

At this point defense counsel immediately asked that the jury be excused and in their absence moved for a mistrial. Defendant argued that the case should be withdrawn from the jury for the misconduct of the prosecuting attorney in attempting to ask about a conversation that had taken place after the contents of said conversation had been suppressed as evidence by the court. It was apparently the belief of the Defendant's attorney that if the trial were to continue he would have to disclose the contents of Defendant's statement or otherwise the jury would think that something was being withheld from them to the prejudice of the Defendant. When the court indicated its desire to take the mistrial motion under advisement Defendant objected. In addition, when the court offered counsel an admonition to the jury, counsel declined because he was of the view that no admonition could cure the problem, but would only draw attention to it. The court then denied the motion for mistrial.

It is well settled that the granting of a motion for mistrial rests largely within the sound discretion of the trial court. *Duke* v. *State* (1968), 249 Ind. 466, 233 N. E. 2d 159. We are of the view that no abuse of discretion occurred in this case. In the examination of police officer Strode

the reference was made to a conversation that he had had with the Defendant, *not to the contents of any statement or admission*. An examination of the statement does not reveal a confession; in fact it contains much that is exculpatory or in justification of the Defendant's conduct. The statement admits the killing by the Appellant, but that issue was never contested in the trial. The statement is merely corroborative of other exculpatory testimony presented at trial. In it, the Appellant relates how he was fearful that someone was after him to do him harm. At the scene he describes how he saw Freddie Gilbert with a gun. When he took the deceased out the back door of the lounge, two other men menaced him, and he says he shot once and the gun jammed. He knocked the gun against his leg several times to try to make it work and by accident it discharged and hit the deceased. This version of the events was corroborated by another witness at the trial. This court can not say that the content of the statement was prejudicial, but more significant, we can not agree with Defendant's counsel's fears as he expressed them both at the trial and on this appeal. The mere reference to a conversation having been had, standing alone, is not a basis for drawing the conclusion that a statement is an admission any more than it is a basis for concluding that the statement contained a justification such as self-defense. In short, there is no basis for drawing any conclusion with respect to the contents of a conversation solely from the fact that a conversation occurred. Although we as a court may feel that it was improper for the prosecuting attorney to ask whether or not a conversation had taken place after the contents of that conversation had been suppressed as evidence, we do not think it was prejudicial to the extent urged by Appellant's counsel. If there was some slight prejudice, or if the Defendant's attorney's fears that there would be prejudice were well founded, the law provides a remedy for curing the prejudice and allaying those fears. In this case the court offered to admonish the jury to disregard the question and answer. We believe that this was

the proper way to cure any prejudice that may have occurred in this instance. However, the Defendant saw fit to refuse this offer by the court. Naturally he wished to make as much out of the purported error as possible and to play it up to an extent beyond that warranted. We do not feel that because the State may err on an occasion that that is always grounds for a mistrial. It must be shown to the satisfaction of this court that the error cannot be cured and that the Defendant was thereby prejudiced. No trial can be perfect. There will always be mistakes during a trial made by both the parties and the court for the reason that human beings are imperfect. As long as such mistakes are not shown to prejudice the substantial rights of a defendant and can be cured by admonition or in some other manner, they are harmless and should not be grounds for a mistrial.

This court has developed standards for determining in what circumstances such an error should be grounds for mistrial. *White* v. *State* (1971), 257 Ind. 64, 272 N. E. 2d 312:

> "The question considered is one that must, of necessity, be determined by the facts of each case as it arises, and this doubtlessly is the reason for the general rule, followed in this state and elsewhere, that the granting of a mistrial rests largely in the sound discretion of the trial judge. . . ." *Id.*, 272 N. E. 2d at 313.

In *White, supra,* this court held that there were reasonable grounds to believe that the offered testimony prejudiced the defendant and that an admonition by the court could not have cured that prejudice. In that case, a police officer offered testimony that the defendant had been involved in another crime—an armed robbery some time previous to the incident which gave rise to the charge of theft. We are of the view that the *White* case can be easily distinguished from the case at bar on the basis that showing that defendant had been implicated in another robbery was clearly prejudicial. Here no evidence of the content of the statement was given at the time it was mentioned.

We believe that this case conforms more closely to *Duke* v. *State* (1968), 249 Ind. 466, 233 N. E. 2d 159. In that case the trial court properly denied the defendant's motion for mistrial where it was not shown to the satisfaction of the court how the defendant was prejudiced by the offered testimony. Even the United States Supreme Court in the case of *Kotteakos* v. *United States* (1946), 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 has held that:

> "If, when all is said and done, the conviction [belief] is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, . . ." *Id.* at 764, 66 S. Ct. 1248, 90 L. Ed. 1566.

We are convinced that the fears of Defendant's counsel in the case at bar were unwarranted and that the jury was not influenced by the answer of Officer Strode. If Defendant thought he was prejudiced, he should have asked for and accepted a curative admonition in these circumstances.

Appellant also argues that the prejudice above complained of was compounded by a statement made by the trial judge at a point when the Defendant's attorney was attempting to introduce a written statement made by the Defendant to Officer Strode. The following colloquy is relevant to this alleged error:

> *"The Court:* Gentlemen, let's not get into a big legal hassel here. Officer, did you testify verbatim from that statement? A. Yes, sir, I believe I might of omitted a word, but I think it's pretty much verbatim.
>
> *The Court:* Well, then, if neither counsel has any objection, the jury can just pass it down amongst themselves to see that it is a written statement, made by the Officer. They don't need to read it, because the Officer has testified, verbatim, from it. Is this all right with both counsel?"

The Defendant's attorney immediately complained of the court's remark because he felt that the remarks suggested to the jury that an exhibit introduced by the Defendant was not worthy of careful study. The record conclusively shows

that the jury was given ample time to look over the document and to read it if they wished. In fact one juror asked for additional time so that he could finish reading the statement.

> *"The Court:* All right, ladies and gentlemen, have each of you had ample time, now, to look over this document, and read it, or look it over, or anything like this? Let the record so show that no juror desires any additional time. . . .
>
> *Mr. Petus:* Your Honor, I think a juror . . .
>
> *The Court:* Oh, Number 3?
>
> *Juror No. 3:* Will we have any opportunities to look at it during deliberation.
>
> *The Court:* No, sir, you will not.
>
> *Juror No. 3:* In that case, I'd like to see it again.
>
> *The Court:* All right, go right ahead, sir."

In these circumstances we do not think that the trial court's remark constituted error or a comment upon the evidence as asserted by the Appellant. Rather, we think it was an effort on the part of the court to expedite the proceedings under circumstances where the officer had testified practically verbatim from the statement introduced.

The Appellant next contends that the trial court erred in refusing his tendered Instruction No. 17 which reads as follows:

> "The evidence against one charged with crime must prove every element of the offense beyond any reasonable doubt before there can be any conviction; and on the other hand the evidence favorable to the accused need only be sufficient to raise reasonable doubt of the establishment of any one of the essential elements of the crime to require an acquital."

Appellant argues that the offered instruction was a correct statement of the law and should have been given. However, it is well settled in Indiana that the refusal or failure to give an instruction is not grounds for reversal if the substance is covered by other instructions. *Johnson*

v. *State* (1972), 258 Ind. 392, 281 N. E. 2d 473; *Riddle* v. *State* (1971), 257 Ind. 501, 275 N. E. 2d 788; *Yeary* v. *State* (1971), 257 Ind. 159, 273 N. E. 2d 96.

Instruction No. 7 given by the court fully apprised the jury of the burden of proof that rests upon the state in a criminal trial. Therefore, it was not improper for the court to refuse Defendant's tendered Instruction No. 17.

Appellant finally contends that the trial court committed reversible error by refusing Instruction No. 22, which reads as follows:

> "To constitute a criminal offense, two things must be established, the intent to do the wrong or commit the act and the performance of the act, or the commission of the wrong in pursuance of the intent, and the intent and act must concur in point of time."

For the same reason, the court's refusal was not error in light of the court's preliminary Instruction No. 12 and Defendant's tendered Instruction No. 2 which were given.

For the reasons stated, the judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported in 294 N. E. 2d 798.