GEORGE HENRY MOSS *v.* STATE OF INDIANA.

[No. 3-774A135. Filed March 26, 1975.]

*Jerry L. Levendoski,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell W. Sims,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant George Henry Moss (Moss) was charged by affidavit with the crime of first degree burglary. Trial thereon was had before a jury, and a verdict of guilty as charged was returned. The trial court entered judgment on the verdict and ordered Moss committed to the Department of Corrections for a period of not less than ten nor more than twenty years.

The facts and inferences therefrom most favorable to appellee-State of Indiana to be drawn from the record of this cause establish that Moss illicitly gained entry to a home in Fort Wayne, Indiana, on August 9, 1973, by cutting through a window screen in the rear of the dwelling. After ransacking the house, he removed therefrom an amount of money, a watch, and a set of automobile keys. Appellant then used the keys to depart the scene in a new auto which was parked in the dwelling's garage. This vehicle was later recovered at the scene of another burglary where the defendant was arrested.

Thereafter, appellant was fully advised of his rights and then confessed to the burglary which is the subject of the case at bar. This advisement and confession was recorded on video tape by the Fort Wayne Police Department and re-

played before the jury. In his confession, appellant correctly related the method of entry used in the burglary, the ransacking of the dwelling, and the items taken. Also, one of Moss' fingerprints was found inside the burglarized premises.

On appeal, appellant asserts that the trial court erred in overruling his two motions for mistrial resulting from references in the evidence to crimes other than the one under trial. He contends that one such reference was made in regard to the circumstances of his arrest, and that a second such reference was communicated to the jury through the use of plural questions by his interrogator during the video taped confession. In both instances, Moss took all steps necessary to minimize any prejudice to his cause and to preserve these contentions for appeal. And, in both instances the trial court carefully admonished the jury to disregard any such references.

However, even assuming, without deciding, that these references constituted inadmissible evidence of other crimes, under the reasoning enunciated in *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312, their admission into the evidence of this cause would be insufficient grounds to warrant a reversal of the jury's verdict on appeal.

The standard of review stated in *White* v. *State, supra,* applicable to the case at bar was stated in *Dillard* v. *State* (1971), 257 Ind. 282, at 297, 274 N.E.2d 387, at 395, in this manner:

> "Appellant argues that the trial court committed error in refusing to declare a mistrial. In *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312, this Court held that in deciding the question of whether a mistrial should have been granted it should be approached *as if* it were a question of whether the inadmissible evidence was harmless under the harmless error standard." (Emphasis that of Supreme Court.)

Subsequent to *White* v. *State, supra,* and *Dillard* v. *State, supra,* our Supreme Court confronted a situation strikingly similar to the instant case in *Brown* v. *State* (1972), 258 Ind.

412, 281 N.E.2d 801. The following reasoning and holding therein are fully applicable to the case at bar:

"In recent months we have repeatedly stated that it is improper for a witness to inject statements concerning unrelated prior crimes involving a person on trial. However, in the case at bar, although the statement by the officer was improper, we hold that it is not reversible error under the circumstances of this case.

"In the first place, the trial court admonished the jury that the remark by the officer was improper and that they would disregard it in their deliberations. Secondly, the facts as above recited were overwhelming in connecting the appellant with the burglary. We have previously stated that in this factual framework the answer of the witness was harmless error. [Citations omitted.] Although there is error in this record, we find that such error was harmless under the circumstances." (*Ibid* at 414 of 258 Ind., at 802 of 281 N.E.2d.)

In the case at bar, there was also a prompt admonishment to the jury following the introduction of the objectionable matter. Furthermore, the evidence in the record before this court is so overwhelming as to appellant's guilt that there can be no doubt that he committed the burglary of which he was convicted. Cf: *Saffold* v. *State* (1974), 162 Ind. App. 6, 317 N.E.2d 814.

The judgment of conviction of the trial court is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.