## PAGE v. STATE OF INDIANA.

[No. 24,105.    Filed April 26, 1923.    Rehearing denied June 29, 1923.]

1. CRIMINAL LAW.—*Evidence.—Judicial Notice.*—Courts will take judicial notice that the State of Michigan is one of the states of the United States.    p. 445.

2. CRIMINAL LAW.— *Evidence.— Judicial Notice.*— Courts will take judicial notice that the State of Michigan is beyond the boundaries jurisdictionally of Indiana.    p. 445.

3. INDICTMENT.— *Quashing.— Omissions not Prejudicial.— Statutes.*—Under the Indiana statute, §2063 Burns 1914, Acts 1905 p. 584, §192, providing that no affidavit shall be quashed for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits, it was not error to refuse to quash an affidavit which did not allege that Michigan was one of the states of the United States.    p. 445.

4. RECEIVING STOLEN GOODS.—*Stolen in Another State.—Affidavit.—Statutes.*—In a prosecution under §2274 Burns 1914, for receiving or concealing goods stolen in another state, and brought into the State of Indiana, it should appear by direct statement in the affidavit that the goods were brought into the state, but if it does not so appear, the court may look to other facts properly alleged for an inference amounting to such allegation.    p. 446.

5. RECEIVING STOLEN GOODS.—*Indictment.—Sufficiency.—Statutes.*—An indictment under §2274 Burns 1914, Acts 1905 p. 584, §382, providing for the punishment for receiving, concealing, etc., of goods stolen in another state, in any county of Indiana to which such goods are taken, alleged that the defendant "at the county of St. Joseph, State of Indiana, did then and there unlawfully and feloniously buy, conceal and aid in the concealment" of goods alleged to have been feloniously stolen in Michigan, *held*, that such indictment must be held bad in so far as it attempts to charge the defendant with buying or aiding in concealing the goods, since such allegations may be true without removing the goods from the state where they were stolen, but that, as to the concealment, the venue was sufficiently laid.    pp. 446, 447.

6. INDICTMENT.—*Motion to Quash.—Sufficiency.*—In a criminal pleading tested by a motion to quash, certainty to a common intent is all that is required.    p. 447.

7. CRIMINAL LAW.—*Verdict.—Sufficiency.*—A verdict will not be stricken down unless it is so uncertain and defective on its face

that no judgment can be pronounced upon it; however informal, it is good if the court understands it.  p. 448.

8.  CRIMINAL LAW.—*Verdict.—Sufficiency.—Intention of Jury.*— Upon a trial and conviction of a charge of buying, concealing and aiding in the concealing of goods stolen in another state, a verdict of "guilty of receiving stolen goods, as charged in the affidavit" must be held to express the understanding of the jury on the issue tried, and the intention to find against the defendant upon the issue, and the words "of receiving stolen goods" will be regarded as surplusage.  p. 448.

9.  CRIMINAL LAW.—*Motion in Arrest.—Effect.*—A motion in arrest cuts off the right to subsequently file a motion for a new trial, except where the grounds of the motion for new trial were unknown at the time the motion in arrest was made. p. 449.

From St. Joseph Circuit Court; *Walter A. Funk*, Judge.

Prosecution by the State of Indiana against Henry E. Page for concealing stolen goods.  Upon a judgment of conviction, the defendant appeals.  *Affirmed.*

*Thomas W. Slick, P. J. Houlihan* and *Joseph V. Wypiszyncki*, for appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

MYERS, J.—Upon an affidavit filed in the court below, appellant was tried before a jury and convicted of an offense defined by §2274 Burns 1914, Acts 1905 p. 584, §382.  He was sentenced to imprisonment from one to fourteen years.  From that judgment he has appealed, and in this court has assigned as errors, the overruling of his motion to quash the affidavit; the overruling of his motion for a *venire facias de novo;* the overruling of his motion in arrest of judgment; and the overruling of his motion for a new trial.

The affidavit, in so far as it is material to the decision of the questions here presented, is as follows:  "That

on or about the 11th day of May, 1921, A. D., at the town of White Pigeon, and in the County of St. Joseph, State of Michigan, one Frank Prough did then and there unlawfully and feloniously take, steal and carry away of the personal goods and chattels of the said John Fogarty, the following personal property, to wit: (describing it)—which said personal property and goods and chattels, of said John Fogarty, were then and there of the value of one hundred thirty-four ($134.00) dollars, and the said Henry E. Page, thereafter, to wit, on or about the 12th day of May, 1921, A. D., at the County of St. Joseph, State of Indiana, did then and there unlawfully and feloniously buy, conceal and aid in the concealment of the said property, and the said Henry E. Page knowing the same to have been feloniously stolen by the said Frank Prough as aforesaid, contrary," etc.

Appellant asserted in his motion to quash that the affidavit did not state facts sufficient to constitute a public offense, nor did it state the offense with sufficient certainty. He assigns four specifications, supporting his motion in arrest. However, it is fair to say he relies only on one—that the facts stated in the affidavit do not constitute a public offense. Hence, the motion to quash and the motion in arrest may be considered together.

Appellant earnestly insists that the affidavit is fatally defective, in that it contains no direct allegation that the State of Michigan is a state or territory of the United States, nor that the stolen goods were "brought into the State of Indiana." For these alleged defects alone, we are requested to hold that the affidavit was essentially defective.

Our attention is first directed to the claim that the affidavit fails to state that the State of Michigan is one of the states of the United States. To this insistence

the doctrine of judicial notice may be well applied. It is, that courts will take judicial notice of matters of common and general knowledge, and "not pretend to be more ignorant than the rest of mankind." *State* v. *Louisville, etc., R. Co.* (1911), 177 Ind. 553, 562, Ann. Cas. 1914D 1284. What fact is better generally known by the people of this state than that the State of Michigan is one of the states of the United States? Courts will take judicial notice of the geography of the country (*Mossman* v. *Forrest* [1866], 27 Ind. 233), and of the history of their state, its boundary lines, its topography and condition (*Williams* v. *State* [1878], 64 Ind. 553, 31 Am. Rep. 135; *State, ex rel.,* v. *Gramelspacher* [1891], 126 Ind. 398); also the distance between well-known cities in the United States or in the same state, or in different states. (*Gunning* v. *People* [1901], 189 Ill. 165, 82 Am. St. 433, 447, note; *Pettit* v. *State* [1893], 135 Ind. 393, 412.) The trial court judicially knew, and so does this court judicially know, that the State of Michigan is beyond the boundary jurisdictionally of the State of Indiana.

To hold that the affidavit in the case at bar did not contain a sufficient allegation of foreign jurisdiction would require that we give the words therein employed a meaning not reasonably attributable to to them. Moreover, the alleged omission could not in the least have harmed appellant's rights upon the merits of the case. Furthermore, we have a statute, §2063 Burns 1914, Acts 1905 p. 584, §192, which provides that no affidavit shall be quashed for any "defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Therefore, we conclude that the pleader was not required to add the recital, "one of the states of the United States" to the allegation, "at the town of White Pigeon, and in the County of St. Joseph, State

of Michigan;" nor was the state bound to offer evidence tending to prove this additional recital.

Looking to the second alleged defect, it is true the affidavit does not in so many words charge that the goods alleged to have been stolen in the State of Michigan "were ever brought into the State of Indiana." The statute (§2274 Burns 1914, *supra*) under which the affidavit in this case was filed, requires that the stolen property be brought into this state in order to constitute the offense therein defined. That fact should appear by a direct statement; but, as it does not so appear, we may look to all the facts properly alleged for an inference amounting to such an allegation. The affidavit, in part, states that appellant "at the County of St. Joseph, State of Indiana, did then and there unlawfully and feloniously buy, conceal and aid in the concealment" of the property alleged to have been feloniously stolen in the State of Michigan. According to this affidavit, if the facts charged should warrant, appellant might have been convicted of any one of the three offenses therein enumerated. In *Stribbling* v. *State* (1877), 56 Ind. 79, it was said: "The sufficiency or insufficiency of an indictment may be tested by the answer to the following question: Can the facts, properly alleged in the indictment, be true, and the defendant innocent of the offense intended to be charged against him?" Applying this question to the affidavit at bar, it must be held bad in so far as it attempts to charge appellant with buying or aiding in concealing; for, from aught appearing in the affidavit, appellant may have bought the property, or he may have aided in the concealment thereof, as alleged in the affidavit, without ever having removed it from the State of Michigan. However, as to the charge "conceal", we have a different question. The charge in that particular is that appellant, at the county

of St. Joseph, State of Indiana, did then and there unlawfully and feloniously conceal said property. This language, fairly interpreted, amounts to a direct charge that the stolen property was, by appellant, concealed at the county of St. Joseph, State of Indiana. If this property was then and there concealed, it must have been then and there present, and, if present, the fact that it was brought there from the State of Michigan is as certainly and positively shown as if it had been directly alleged.

This court has held that a criminal pleading tested by a motion to quash, is governed by the same rules as to certainty and direct statement of facts as is a 6. complaint in a civil action tested by a demurrer for want of facts. In either case, certainty to a common intent is all that is required. *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819.

"Certainty, to a common intent, at least under the Code system, is attained when the pleading shall be deemed to allege all that can be implied from the direct allegations therein, by a reasonable and fair intendment." *Hart* v. *State* (1914), 181 Ind. 23, 103 N. E. 846.

We are thus led to conclude that the affidavit in question states facts, relative to the charge of "conceal", from which the sole inference must be that the 5. property stolen in Michigan was brought to St. Joseph County, Indiana. It follows from this conclusion that appellant was apprised of the nature and the character of the charge against him of concealing property brought into this state which had been stolen in another jurisdiction. *Agar* v. *State, supra; Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130. The motion to quash and the motion in arrest were properly overruled.

Appellant supports his motion for a *venire facias de*

*novo* by rulings of the Supreme Court of Nebraska and
Missouri. *In re McVey* (1897), 50 Nebr. 481,
7. 70 N. W. 51; *State* v. *Pierce* (1896), 136 Mo. 34,
37 S. W. 815; and other Missouri cases. In
those jurisdictions the rule is that a verdict must be
definite and certain, positive and free from all am-
biguity, and show just what the jury intended. But
the rule in Indiana pertaining to the prerequisites of a
valid verdict is not so strict and positive. In this state
a verdict will not be stricken down unless it "is so
defective and uncertain on its face that no judgment
can be pronounced upon it. A verdict, however in-
formal, is good if the court understands it. It is to
have a reasonable intendment and is to receive a reason-
able construction, and is not to be avoided except from
necessity." *Goodman* v. *State* (1919), 188 Ind. 70,
and cases there cited; *Callendar* v. *State* (1922), *ante*
91, 138 N. E. 817; *Knight* v. *Kerfoot* (1915), 184 Ind.
31, 39.

This is not a case where the affidavit is in several
counts charging separate or several distinct crimes, and
the verdict failed to designate the count upon
8. which it rests. Hence, we are not now con-
cerned with what the rule might be under those
circumstances. In the case at bar, the jury found ap-
pellant "guilty of receiving stolen goods, as charged in
the affidavit", but there was no attempt to charge him
with that offense. The only public offense charged in
the affidavit was that of concealing stolen goods brought
from another state into this state. Appellant was
guilty, if at all, of the offense only of which he was
legally charged. The words "as charged in the affi-
davit" indicate, not only the issue tried, but also the
intention of the jury to find against appellant upon that
issue. Such obvious intention will not be controlled by
the words "of receiving stolen goods"—apparently used

mistakenly in designating the offense of which appellant was accused. Hence, the phrase "of receiving stolen goods", under all of the circumstances here appearing, must be treated as surplusage. True, there was undisputed evidence showing that appellant received the stolen property. While this evidence would be proper as tending to prove the offense of receiving stolen goods, yet it is also relevant for the purpose of connecting appellant with the property and his opportunity to commit the offense of concealing. We cannot assume that this evidence was erroneously applied in the absence of a showing to that effect. We therefore conclude that the verdict in question, reasonably construed and aided by reasonable intendments, was understood by the court, and hence overruling the motion for a *venire de novo* was not error.

The record discloses that the motion in arrest was filed, submitted and overruled prior to the filing of the motion for a new trial. This court has many times ruled: "That a motion in arrest of judgment cuts off the right to subsequently file a motion for a new trial, except only where the grounds of the motion for a new trial were unknown at the time the motion in arrest was made." *Conant* v. *First National Bank, etc.* (1917), 186 Ind. 569, 572; *Yazel* v. *State* (1908), 170 Ind. 535. Appellant does not claim to be within the exception. Therefore, we may very properly assume that the trial court, in overruling appellant's motion for a new trial, acted upon the theory that this motion was not, in a legal sense, before it.

Judgment affirmed.