DONALD MOORE *v*. STATE OF INDIANA.

[No. 1270S288. Filed March 21, 1972. Rehearing denied April 28, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was charged by indictment with assault and battery with intent to commit rape. Jury trial resulted in a verdict of guilty. Appellant was sentenced to the Indiana State Prison for a term of not less than one nor more than ten years.

The record discloses the following facts:

The prosecuting witness had left the office of her employer at about 5:30 P.M. on September 26, 1969. She walked to her automobile in a parking lot near the office. As she started to unlock her car, she saw the reflection of a man in the window. When she turned to ask him what he wanted, he at first begged money, then attacked her, beating her severely. The two struggled for several minutes during which the man stated his intentions to rape the witness, attempted to disrobe her and exposed himself. While the woman was on the ground struggling with the appellant, a co-worker of the intended victim stated that he entered the parking lot and heard the intended victim pleading with the appellant not to rape her. He walked around the car to investigate and saw the appellant struggling on the ground with the intended victim.

He went to his car where he radioed for police assistance. In the meantime another co-worker of the intended victim arrived. The two co-workers confronted the appellant and inquired as to what was going on. The appellant jumped up, adjusted his trousers and zipped them up. He then stated that he was merely trying to help the woman as he had seen another person attacking her.

Police officers responding to the call arrived at the scene where they found the appellant, the two who had come to the victim's assistance and the victim of the attack. At that time the victim of the attack identified the appellant as the one who had attacked her. He was then placed under arrest.

Appellant's sole contention on appeal is that the trial court erred in overruling his motion for mistrial, which motion was made at the close of the following testimony:

"Q. At no time did he refuse to speak to you?
A. Oh, no. He talked to me.
Q. You asked him his age?
A. Yeah. I introduced myself, Sgt. Lund, Indianapolis Police Department, Homicide Division.
Q. About where he was born and where he was reared, and how long he'd been here in Indianapolis?
A. Yes. I also asked him if he'd done any time on any matters other than traffic violations, which didn't count, and he said he done five years for Assault and Robbery.

MR. NEDEFF: Now, Judge, I'm going to move for a mistrial.

THE COURT: For what reason, Mr. Nedeff? You asked the question, got an answer.

MR. NEDEFF: I asked about the question regarding the conservation regarding his background, his age, where he was born.

THE COURT: And you got an answer.

MR. NEDEFF: Yes.

THE COURT: Motion for mistrial overruled."

It is true that there was no reference made to previous conversations on the direct examination of the state's witness and that the defense attorney was going into great detail in questioning the officer as to what conversation he had had with the appellant immediately after the arrest. However, this does not justify the police officer in volunteering the unresponsive statement that the appellant had been previously convicted of assault and robbery. We have stated several times that this type of evidentiary "harpoon" requires a mistrial where it is made by all the circumstances to appear that the error placed the accused in a position of grave peril to which he should not have been subjected. *White* v. *State* (1971), 257 Ind. 64, 272 N. E. 2d 312, 320, 26 Ind. Dec. 568. However, we have stated that in using this standard we must look to all the evidence in the case to determine whether or not such "harpoon" must be considered to be reversible error. *Dillard* v. *State* (1971), 257 Ind. 282, 274 N. E. 2d 387, 27 Ind. Dec. 346. In *Dillard* we quote *Chapman* v. *California* (1967), 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705, to the effect that error can be deemed harmless only if the reviewing court can say that "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."

In the case at bar the appellant was actually apprehended by the two co-workers of the victim while engaged in his attack upon the victim. These persons detained the appellant on the scene until the arresting police officers arrived. We hold that beyond any reasonable doubt the "harpoon" statement of the officer in response to cross-examination did not contribute to the verdict. We, therefore, hold that although the statement of the officer was erroneously made and the jury should have been admonished to disregard it, it was nevertheless harmless error in view of the overwhelming evidence of guilt in this case.

The trial court is affirmed.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 280 N. E. 2d 57.