GARY GRIMM *v.* STATE OF INDIANA.

[No. 976S322. Filed April 10, 1978. Rehearing denied June 19, 1978.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by information in two counts for Unlawful Dealing in a Controlled Substance, Ind. Code § 35-24.1-4.1-1 (Burns 1975). Count I was for the illegal delivery of pentobarbital, and Count II was for the illegal delivery of methaqualone, both of which are Schedule II narcotics. After trial by jury, Defendant was convicted on Count I, and acquitted on Count II. He was sentenced to a term of twenty years imprisonment and was fined two thousand dollars. This direct appeal presents the following issues:

(1) Whether the evidence is sufficient to sustain the verdict.

(2) Whether the trial court erred by refusing to suppress evidence of a drug transaction, based upon Defendant's claim of entrapment.

(3) Whether the court erred by refusing defendant's motion for a continuance of the suppression hearing by reason of the absence of two subpoenaed witnesses.

(4) Whether inadmissible evidence was improperly brought before the jury, to Defendant's prejudice.

## ISSUE I

The evidence most favorable to the State indicates that Marion County Deputy Sheriff Steven Neal, acting as an undercover agent, and David Dooley, a police informant, were at an Indianapolis night-spot when Dooley introduced Neal to the defendant. Dooley told Defendant that Neal was in the market for drugs, and inquired whether Defendant had any for sale. Defendant replied that he did, but that the drugs were at his residence.

Neal and Dooley met Defendant at his residence. Defendant took Neal into his bedroom and showed him the different drugs that he had in a container. Neal bought fourteen pills. Defendant represented that the two white tablets were qualudes, and that the twelve yellow capsules were "yellow jackets." Laboratory analysis disclosed that the white tablets contained methaqualone, two of the twelve yellow capsules contained pentobarbital, and the remainder contained methapyrilene, a non-controlled substance.

Ind. Code § 35-24.1-4.1-1 provides:

"[A] person is guilty of unlawful dealing in a controlled narcotic substance if he:
(1) knowingly manufactures or delivers a controlled substance, pure or adulterated, classified in schedule I or II which is a narcotic drug * * * ."

When the sufficiency of the evidence is raised upon appeal, this Court will consider only the evidence which is favorable to sustain the judgment below, together with all reasonable inferences to be drawn therefrom. If the evidence is such that a reasonable trier of fact could find each element of the crime charged beyond a reasonable

doubt, the verdict will not be disturbed. *Baum* v. *State*, (1976) 264 Ind. 421, 345 N.E.2d 831. It is not this Court's province to judge the relative weight of the evidence or the credibility of the witnesses. *Rosell* v. *State*, (1976) 265 Ind. 173, 352 N.E.2d 750.

The State presented probative evidence that Defendant delivered a substance to Deputy Neal, and that substance was found to be included in Schedule II. Neal testified that Defendant knew what the controlled substance was, and the sale reasonably appears to have been knowing and voluntary. This evidence is sufficient to sustain the verdict. Defendant has endeavored throughout the trial and the appeal briefs to persuade that he was the victim of an entrapment. We find nothing requiring such a conclusion.

### ISSUES II & III

Defendant's claims of error under these assignments present nothing for review. Both are premised upon allegedly erroneous rulings relating to a pre-trial purported motion to suppress evidence, which was as follows:

### "MOTION TO SUPPRESS

"Comes now the Defendant, GARY A. GRIMM, by and through his counsel, STIVERS & TABAK, and in support of his Motion to Suppress, alleges and says as follows:

"1. That the Defendant, GARY A. GRIMM, was the victim of entrapment.

"2. That certain of the state's witnesses are committing perjury.

"3. That none of the evidence introduced in Court against him, he did not have any knowledge of nor did he have in his possession.

"WHEREFORE, the Defendant, GARY A. GRIMM, by his Counsel, Stivers & Tabak, respectfully pray this Court to suppress the evidence in this case and for all further and proper relief in the premises."

The function of a motion to suppress is to challenge specific evidence believed to be inadmissible at trial by reason of

having been obtained illegally. *Knotts* v. *State,* (1963) 243 Ind. 501, 187 N.E.2d 571; *Kinnaird* v. *State,* (1968) 251 Ind. 506, 242 N.E.2d 500; *Connell* v. *State,* (1939) 215 Ind. 318, 19 N.E.2d 267.

It will be observed at a glance that the motion made no such claim, either as to specific evidence or as to illegal procurement. If error was committed with respect to such motion it was the trial judge's failure to strike the motion sua sponte, and this cannot be shown to have harmed the defendant. Further, there has been no showing that evidence sought to be suppressed was subsequently admitted over an in-trial objection. Error in overruling a motion to suppress evidence is not preserved for appellate review, unless there is a proper objection when the evidence is later offered in trial. *Stowers* v. *State,* (1977) 266 Ind. 403, 363 N.E.2d 978; *Pointon* v. *State,* (1978) 267 Ind. 624, 372 N.E.2d 1159.

Inasmuch as the purported motion to suppress placed no issue before the court, error could not be predicated upon the denial of a continuance because of absent witnesses. Additionally, we note that with respect to one of the absent witnesses, the State stipulated his testimony would be as supplied by the offer to prove. With regard to the other missing witness, the defendant made no offer to prove.

## ISSUE IV

Finally, Defendant claims that "All during the trial the State carried out a studious, well-planned preconceived scheme of constantly interjecting the use of qualudes for the sole and only purpose of having the jury succumb to the suggestion that this was a law violation." However he has referred us to no specific instances where evidence was erroneously admitted, and we are, therefore, unable to accept his conclusion that the State engaged in a scheme to pollute the jury with improper inferences. We note, however, that although the defendant was acquitted upon the count charging illegal delivery

of methaqualone, commonly called "qualude," there was evidence properly submitted that the defendant did deliver such drug to the narcotics agent.

We find no error. The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 374 N.E.2d 501.