STEVEN DALE BUSH *v.* STATE OF INDIANA

[No. 1-1077A258. Filed April 18, 1978.]

*Gerald G. Angermeier, Jewell, Crump & Angermeier*, of Columbus, for appellant.

*Theodore L. Sendak*, Attorney General, *Alembert W. Brayton*, Deputy Attorney General, for appellee.

ROBERTSON, J.—The defendant-appellant Bush appeals his conviction of robbery by raising four issues, none of which show error.

Facts from the trial show that Helen Swinehart, an employee of Danner's Store in Columbus, Indiana, testified that a male individual (Bush) came to her checkout counter to purchase a pair of sunglasses and some gum. Bush came to the checkout counter a second time, after a lapse of approximately ten minutes. On the second trip through the checkout counter, he demanded the money in the cash drawer and warned Mrs. Swinehart that she had "five seconds." Bush then grabbed currency, checks, and credit card receipts from the cash drawer of the checkout counter and fled.

A short time later, Bush was stopped by an Indiana State Police Trooper when he was observed driving in a reckless manner by the trooper. After stopping Bush, the trooper heard a dispatch concerning a robbery at Danner's Store which gave a description of the car used to flee the scene. The car driven by Bush matched this description. Subsequent to his arrest, Bush gave permission to search his automobile wherein cash and personal checks made out to Danner's were found under the seat.

Bush was delivered into the custody of the Columbus Police, who had responded to a radio call by the State Trooper. Bush was then taken to the Law Enforcement Building in Columbus where he signed a waiver of his constitutional rights and made two statements, one written and one recorded. Additionally, Mrs. Swinehart made a positive identification of Bush from a photographic lineup.

At trial, the tape recorded statement by Bush was introduced into evidence. The entire tape recording was heard by the jury over the

objection of defense counsel. Objection was made to a portion of the recording relating to the purchase of drugs by Bush from a non-medical source. Furthermore, the defendant objected to the introduction into evidence of his picture used in the photographic lineup as immaterial and irrelevant evidence.

The trial resulted in the jury finding Bush guilty of robbery. Bush first argues error in the trial court's allowing his "mug" shot into evidence. Bush did not adequately preserve this issue for appeal at the trial level. There was no objection to the photographs as prejudicially indicating a previous arrest or conviction, but merely as irrelevant, immaterial, and unnecessary identification of the defendant. Bush may not support his argument on appeal with an objection which was not made at trial. *Ray v. State* (1954), 233 Ind. 495, 120 N.E.2d 176. Additionally, his motion to correct errors failed to specify the objection made at trial, thus waiving any appeal. Ind. Rules of Procedure, Trial Rules 59(A)(5), 59(B), 59(G). *Bennett v. State* (1973), 159 Ind. App. 59, 304 N.E.2d 827.

Bush next argues error in the trial court's allowing the entire tape recording into evidence. Even if it were concluded that the introduction of the purchase of drugs from a non-medical source into evidence resulted in the inference by the jury that defendant had been convicted of the illegal purchase of drugs, in view of the independent overwhelming evidence of Bush's guilt of the charge of robbery, we believe any such error did not contribute to the verdict obtained. *Saffold v. State* (1974), 162 Ind. App. 6, 317 N.E.2d 814; *Moore v. State* (1972), 258 Ind. 200, 280 N.E.2d 57.

The record shows that Mrs. Swinehart not only was an eye witness to the robbery and watched the robber get into the getaway car, but that she also identifed him from a photographic lineup and identified him at trial.

Furthermore, the store manager, Mrs. Knerr, saw Bush get into and escape in his automobile. Both Swinehart and Knerr described the getaway automobile to the police. Soon thereafter, police stopped Bush for reckless driving. A police broadcast of the robbery and description of the getaway car resulted in Bush being taken into custody for the

robbery. In the getaway automobile, which exactly fit the description given by Swinehart and Knerr, police found currency and checks that were made out to Danner's Store.

It is clear, then, that even without the admission into evidence of the recorded confession, the evidence of guilt is overwhelming. Therefore, any erroneous admission of that portion of the recording concerning purchase of drugs from a non-medical source was harmless error.

Bush urges error in a court's instruction, claiming an omission of the element of intent from the essential elements of robbery. It is elementary on appeal that issues may not be raised on matters which were not objected to at trial and that the failure to make proper objection is a waiver of any issues thereon. *Faught v. State* (1974), 162 Ind. App. 436, 319 N.E.2d 843, 847. Bush claims here that he objected to the giving of the court's instruction No. 14, but our examination of the record discloses no specific objections made at the trial to any of the court's instructions. Accordingly, error, if any, with respect to the giving of said instructions is not available. Ind. Rules of Procedure, Criminal Rule 8(B). Further, we observe that other instructions, particularly 13(a) and 13(b), did treat the element of intent.

Bush's final argument claims error in the denial of his motion for judgment on the evidence at the close of the State's case because of an alleged failure to prove "a taking from the person."

Bush waived any alleged error in the ruling on his motion for judgment on the evidence by going forward, after the State rested, and presenting evidence in his own behalf. *Pinkston v. State* (1975), 163 Ind. App. 633, 325 N.E.2d 497; *Parker v. State* (1976), 265 Ind. 595, 358 N.E.2d 110.

For the above reasons, the judgment of the trial court is affirmed.

Affirmed.

Lybrook, P. J. and Lowdermilk, J. concur.

NOTE—Reported at 374 N.E.2d 564.