THOMAS OWENS *v.* STATE OF INDIANA.

[No. 777S504. Filed May 1, 1978.]

*Robert E. Hughes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from convictions for kidnapping, Ind. Code § 35-1-55-1 (Burns 1975) and assault and

battery with intent to commit rape, Ind. Code § 35-1-54-3 (Burns 1975), both statutes repealed effective October 1, 1977. Appellant was found guilty following a trial by jury in Marion Criminal Court, Division Four, and sentenced accordingly.

The evidence tending to support the verdicts of guilty informed the jury that at about 3:00 o'clock in the morning on June 20, 1974, appellant and a fellow worker, Wiley Smith, left a bar in Indianapolis at closing time in Smith's car with Smith at the wheel. At this same time the prosecuting witness, a young woman, left a nearby bar on foot, and was standing on the sidewalk waiting for a girlfriend to join her from the bar. She was sighted by appellant and Smith; the car was stopped along side her; appellant forced her into the car, and the car was driven off. During the ensuing ride through Indianapolis streets, she was rudely grabbed about the breast and pubic area and was told that if she screamed her brains would be blown out. She was told to kiss Smith and when she refused she was struck in the mouth by appellant. She repeatedly begged to be released but was refused. She heard them plan to take her to a reservoir area, and was told that they were going to have sexual intercourse with her. The car passed two police officers who had pulled another car over on the street. She managed to get her head out the window, and by yelling and waving her arms attracted the officers who stopped the car and rescued her.

Appellant took the witness stand and testified that Smith had invited the prosecuting witness into the car and that she had gotten in voluntarily. He further stated that she was a prostitute who became enraged when they refused to agree to pay her money and who rumpled her own clothing, feigned distress and sought police help in retaliation. He further testified that he hit her because she had impugned his mother's character by calling him a son of a bitch.

Appellant first contends that the verdict of the jury finding him guilty of kidnapping is not sustained by sufficient evi-

dence in that the evidence failed to show that he forcibly carried the prosecuting witness away as required by the kidnapping statute and the indictment.

On appeal, this Court has the duty to consider but not weigh the evidence and to determine if there is substantial evidence of probative value from which the jury could have reasonably inferred that appellant was guilty beyond a reasonable doubt. *James* v. *State*, (1976) 265 Ind. 384, 354 N.E.2d 236. The evidence is replete with evidence from which the jury could have concluded that force required by the statute was used by appellant against the prosecuting witness. She testified that appellant first pulled her toward the car, then pushed her into the car whereupon she struck her head. She was required to sit between appellant and Smith and they refused to comply with her repeated demands to be let out. During these events appellant struck her in the mouth with his fist. Appellant concedes that force was shown but argues that his forceable acts aimed at the prosecuting witness were not intended to nor did they effectuate her asportation.

Appellant points out that the car was owned and being driven by Wiley Smith, and that he did not tell Wiley Smith to drive off from the location where the prosecuting witness was accosted. These assertions are correct insofar as they go, but they ignore the presence in the record of other relevant facts and inferences. Immediately prior to the sighting of the victim standing along the street, appellant was being driven to his home by Smith. They were passing the spot on which she stood while en route to appellant's home. The nearby tavern from which she was walking was closed at the time and no reasons suggests itself for stopping at this point other than to approach her. The car was in motion immediately before and after the brief stop which lasted only so long as it took appellant to force her into the car. According to Smith's testimony appellant had said that he saw a girl who was hitchhiking and suggested that they stop for her. Ac-

cording to appellant's testimony it was Smith who made these statements. It does not matter whether the jury chose to believe appellant or Smith in this regard. They were warranted in believing that one of them had said this, and such statement under the circumstances and in conjunction with the conduct of appellant's use of force in grabbing the girl, pulling her toward the car and then pushing her in, climbing in after her and shutting the car door, warranted the inference that appellant while doing these things knew and fully expected that the car would start up again after stopping, once the girl was inside, and carry her away down the street.

The circumstances here are similar to those considered recently in *Parker* v. *State*, (1976) 265 Ind. 595, 358 N.E.2d 110. There the appellant held the victim of a kidnapping in a car while it was driven into and parked at a gas station and while the driver was away from the car. Under such circumstances we found that the jury could reasonably have inferred, "that appellant intended that the victim be 'carried off,' in view of the probability that [the driver] would return to the automobile and drive it off." 358 N.E.2d at 113-14. Upon like reasoning we find that there was sufficient evidence presented from which the jury could reasonably infer that appellant forcibly carried off the victim.

Appellant argues that the presumption of innocence requires that the statements of appellant and the prosecuting witness be given equal value in light of the existence of some probability that she may have entered the car willingly. It was for the trier of fact, after hearing those statements, and hearing cross-examination, after proper instruction, and after hearing the closing arguments of counsel, to accord those opposing statements their value.

Appellant finally contends that the trial court committed error in refusing to grant appellant's motion for directed verdict of acquittal at the close of the State's case-in-chief. After the motion was made and denied, appellant elected to present evidence in defense of the charge. The ruling on the

sufficiency of the State's evidence presented prior to the motion is not therefore before us for review. *Parker* v. *State, supra.*

The convictions are affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 375 N.E.2d 203.