HERMAN LEWIS JOHNSON, AND LINDA PINNER *v.* STATE OF INDIANA

[No. 2-576A176. Filed June 6, 1978. Rehearing denied June 27, 1978.
Transfer denied October 10, 1978.]

---

1. There was no majority opinion in *Sansom*. However, neither concurring opinion questioned this application and all justices concurred in the result, which vacated the sentence for theft.

*Frank E. Spencer*, of Indianapolis for Appellants.

*Theodore L. Sendak*, Attorney General of Indiana, *John P. Avery*, Deputy Attorney General, for appellee.

WHITE, J.—Linda Pinner (Pinner) and Herman Johnson (Johnson) perfected this appeal after a jury found them guilty of possession of heroin. Appellants allege that (1) the evidence is insufficient to support an inference that they possessed the heroin, (2) the verdicts are contrary to law in failing to find them guilty of a specific offense, and (3) that references to another cause then pending denied them a fair trial.

I.

The evidence most favorable to the State shows that while an all-day barbeque party was taking place at 634 West 38th Street, Indianapolis, a number of police officers with a search warrant advanced upon the house from different directions. The evidence against Johnson is the testimony of two officers who said that when they approached the backyard Johnson ran into the garage and placed a shiny package on a rafter. A package retrieved from the rafter was tested and found to contain heroin. This is sufficient to support the jury's finding that Johnson knowingly possessed heroin.

Pinner's conviction is based on evidence that drugs were found in the search of the house. Johnson, Pinner, Pinner's sister and her two children, lived in the house. There were also seven or eight guests present when the search took place, about half of whom were female and were inside the house when the police arrived. The police found Pinner in the upstairs bathroom where she and a girl friend were fixing Pinner's hair; the others were in the kitchen. One officer testified that in his search of the upstairs bathroom he found some tin foil and balloons in the trash can; another officer, that he found some tinfoil along with a playing card, a magazine and a telephone cover in a waste basket in the east bedroom, a bedroom used by Pinner and Johnson. The second officer testified that "There seemed to be some type of residue on all the articles that I found, a type of powdery-type of substance that is caked on it in different locations — brownish color." All of those articles were tested and found to have an unknown quantity of heroin on them.[1]

The State argues that Pinner, "as owner of the house", had constructive possession of the heroin found in different parts of the house, citing *Thomas v. State* (1973), 260 Ind. 1, 291 N.E. 2d 557. But in that case police found Thomas seated at a table in her kitchen with a packet of heroin on the table directly in front of her. The object was in plain sight and the court properly found that Thomas had both knowledge of and control over the heroin.

But since Pinner was not in *exclusive* possession of the house she can be found guilty of possession of heroin only if there is circumstantial evidence from which an inference of constructive possession can be drawn, i.e., that she knew of and exercised control over the heroin. *Corrao v. State* (1972), 154 Ind.App. 525, 290 N.E. 2d 484, 487-488; *Martin v. State* (1978), 175 Ind.App. 503, 372 N.E. 2d 1194, 61 Ind. Dec. 167; *Greely v. State* (1973), 158 Ind.App. 212, 301 N.E. 2d 850, 852. As stated in *Feltes et al. v. People* (1972), 178 Colo. 409, 498 P. 2d 1128, 1131 (cited in *Martin* and *Greely*).

"Possession need not be exclusive and the substance can be possessed jointly by a person and another without a showing that

---

1. The laboratory technician testified that the amount of heroin seized on the premises and tested in the laboratory was under ten (10) grams.

the person had actual physical control thereof. [*Citations omitted.*] However, where a person is in possession, but not in exclusive possession of the premises, it may not be inferred that he knew of the presence of marijuana there and had control of it unless there are statements or other circumstances tending to buttress the inference. [*Citations omitted.*]"

In the case at bar there is not the circumstantial evidence necessary to support the inference. The evidence clearly establishes that some person had taken one or more injections of heroin while on the second floor of the house (balloons to tie off and expand the vein, packets that had contained heroin). It does not support an inference that Pinner was that person. There is no evidence that she was under the influence of any drug, nor were any unused packets of heroin found secreted in the house. Furthermore, there is no evidence that she knew of the presence of the discarded paraphenalia or that the contents of the wastebaskets were plain view, or that Pinner would recognize either the nature of the residue or the significance of the empty packets. In addition, she apparently did not attempt to flee, or attempt to conceal the wastebaskets or their contents, or behave in any way as if she had guilty knowledge. In short, the sole characteristic distinguishing Pinner from the guests at the barbeque is that she was one of the people living in the house. Again, this non-exclusive possession of the premises is not in itself sufficient evidence to sustain a conviction of possession of a drug found on the premises. See *Martin v. State* (1978), 175 Ind.App. 503, 372 N.E. 2d 1194.

## II.

The appellants were charged under an affidavit captioned "Information for Violation of the Indiana Controlled Substances Act (as amended) IC 1971 35-24.1-4-1(c)", the body of which specifically charged them with the unlawful and felonious possession of a controlled substance, heroin. The separate verdicts found each defendant "Guilty of VIOLATION OF THE INDIANA CONTROLLED SUBSTANCES ACT (as amended)."

They now argue that the verdicts are contrary to law in that they do not specifically state the offense of which they are guilty. Yet the record fails to show that the defendants, or either of them, objected to the verdict forms supplied the jury by the

court, or that the defendants objected to the verdicts when returned to the court. For this reason they are now precluded from arguing that alleged error. Defendants may not stand idly by and make no objection to the verdict and permit the jury to be discharged and then, when the verdict cannot be corrected, attack it. *Smith v. State* (1965), 247 Ind. 126, 130, 211 N.E.2d 186, 189. Nor have appellants shown that the verdicts are so defective and uncertain on their face that no judgment could be pronounced on them. *Page v. State* (1923), 193 Ind. 442, 139 N.E. 143.

## III.

The allegations of prejudicial misconduct by the State argued on appeal arise out of efforts of appellants' attorney to impeach one of the officers who testified that he saw Johnson put the packet on the garage rafter. The attorney attempted to show, by cross-examining the officer, that the officer had told the attorney that the main case against Johnson was his statement that he lived in that house. The officer replied: "No sir, I have never discussed this case with you at any time." Then:

"Q. I will ask you again. You don't recall talking . . . .

"A. We discussed the other case that you were defending . . . ." The attorney interrupted, asked that the answer be stricken and that the jury be admonished to disregard it because "he is implying that there is another case against my client and as the Court well knows . . . ." The court interrupted to grant the relief sought.

Under these circumstances that relief cannot be considered insufficient. See *Bonds v. State* (1972), 258 Ind. 241, 244, 280 N.E. 2d 313, 315, and cases cited therein. Although Johnson's brief discusses subsequent testimony and prosecutorial statements containing similar indirect implications that another case was pending, those veiled references were the direct result of continued efforts by Johnson's attorney, efforts that included testifying himself, to establish that such a conversation did occur. Further, no objections were made to the subsequent references.

The judgment as to Linda Pinner is reversed and as to her the cause is remanded to the trial court with direction to discharge her. The judgment as to Herman Lewis Johnson is affirmed.

Buchanan, C.J., concurs. Lybrook, P.J., (participating by designation) concurs.

NOTE—Reported at 376 N.E. 2d 542.