ROBERT EUGENE MOORE v. STATE OF INDIANA

[No. 2-1177A426. Filed October 23, 1978.]

*John J. Rochford*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Elmer Lloyd Whitmer*, Deputy Attorney General, for appellee.

YOUNG, J.—Appellant-defendant was convicted of theft, two counts. His appeal to this court presents three issues for our determination:

1. Whether the trial court erred in overruling appellant-defendant's Motion for a Directed Verdict at the close of the State's evidence.

2. Whether the verdict of the jury was supported by sufficient evidence, or was contrary to law.

3. Whether there was error in the trial court's judgment entered on the verdicts and the evidence.

*ISSUE NO. 1*

Upon the trial before a jury and at the close of the State's case, defendant made a timely motion for a directed verdict (judgment on the evidence) which was denied. Thereafter the defendant proceeded to offer evidence on his own behalf thus waiving any error on this question. *Snyder v. State* (1978), 268 Ind. 122, 373 N.E.2d 1101; *Sypniewski v. State* (1977), 267 Ind. 224, 368 N.E.2d 1359;

*Parker v. State* (1976), 265 Ind. 595, 358 N.E.2d 110; *Bush v. State* (1978), 176 Ind.App. 164, 374 N.E.2d 564. *See also* Ind. Rules of Procedure, Trial Rule 50(A)(6).

*ISSUE NO. 2*

A summary of the evidence most favorable to the State discloses the following: In the early morning of March 27, 1977, the appellant-defendant entered a pool hall located on East 25th Street, in Marion County, Indiana. After staying for an undisclosed length of time he left only to return later that day. He asked the proprietor, who defendant had known for some time, to sell him some wine. For 20 to 30 minutes the appellant-defendant sat and "nibbled off the wine." While talking to the proprietor, two men entered the pool room, each carrying a handgun. Moore, who was unarmed, told the proprietor not to move because the two men were dangerous. Defendant testified that he had met these two men prior to entering the pool hall and agreed to split some wine with them. Several other customers were in the pool room and they were ordered to lie on the floor. The appellant-defendant remained standing next to the proprietor.[1] Appellant-defendant was instructed by nickname to collect the money. He took two watches and $50.00 from the pocket of a leather coat belonging to the proprietor plus $40.00 from another patron. Moore had seen the proprietor put money in the coat pocket and did not even check elsewhere for money of the proprietor. Nothing was taken from Moore. The two gunmen ordered appellant-defendant to leave with them, as their hostage, calling him by nickname and telling him to return to get his coat. Defendant still had the stolen money in his hand under his coat when they left. The proprietor testified that all three left in the defendant's car, with a fourth person at the wheel.[2] Defendant testified that the driver was his cousin.

The robbery was reported to police approximately one week later. Appellant-defendant never reported the incident to the police. Appellant-defendant was identified from photographs after police were told the

---

1. Appellant-defendant testified that he did lay down on the floor as directed. The proprietor testified that defendant remained standing throughout.

2. Appellant-defendant testified that the two gunmen escaped by running down an alley. The State's witness testified they all left in defendant's car.

license number of Moore's car used in the escape. Appellant-defendant told the proprietor later that he knew the two robbers and if the proprietor would "forget this," he would make sure that those two would not rob him again.

The State contends that appellant has limited the issue of the sufficiency of the evidence by arguing only that there was insufficient evidence of the value of the property allegedly taken. Appellant further raised a general sufficiency error in his Motion to Correct Errors and pursued it in his brief. Ind. R.Tr.P. 50(A) allows the issue of the sufficiency of the evidence to be raised for the first time on appeal in a criminal case. It follows that if complete omission of this issue from a motion to correct errors does not bar its consideration on appeal, imperfect inclusion will not do so either. *Pinkler v. State* (1977), 266 Ind. 467, 364 N.E.2d 126; *see, Collins v. State* (1977), 266 Ind. 430, 364 N.E.2d 750.

> When the sufficiency of the evidence is raised upon appeal, this Court will consider only the evidence which is favorable to sustain the judgment below, together with all reasonable inferences to be drawn therefrom. If the evidence is such that a reasonable trier of fact could find each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed. *Baum v. State* (1976), 264 Ind. 421, 345 N.E.2d 831. It is not this Court's province to judge the relative weight of the evidence or the credibility of the witnesses. *Rosell v. State* (1976) 265 Ind. 173, 352 N.E.2d 750.

*See, Owens v. State* (1978), 268 Ind. 326, 375 N.E.2d 203; *Hudson v. State* (1978), 268 Ind. 310, 375 N.E.2d 195; *Brandon v. State* (1978), 268 Ind. 150, 374 N.E.2d 504; *Grimm v. State* (1978), 268 Ind. 145, 374 N.E.2d 501.

In his brief appellant concedes that it was established that defendant did take less than $100.00 from each of two people. The evidence is sufficient to support this. Appellant in the same sentence argues that the evidence showed he did so under the threat of violence to himself. He argues that it was not reasonable for the jury to conclude that defendant committed a theft [robbery] in the situation presented.

> Coercion or duress is a defense to prosecution for a criminal act. The Supreme Court of Indiana stated in Ross v. State (1907), 169 Ind. 388, 390, 82 N.E. 781:

"... '[As to] the necessity or compulsion which [excuses] a criminal act [it] must be clear and conclusive, and must arise without the negligence or fault of the person who insists upon it as a defense. The alternative presented must be instant and imminent, and there must be, if not a physical, at least a moral necessity for the act ... If a person is compelled to commit a crime by threats of violence sufficient to induce a well-grounded apprehension of death or serious bodily harm in case of refusal, this excuses him.' ...."

It has long been recognized that credibility of a witness is within the exclusive province of the trier of fact. The importance of allowing the trier of fact to judge the credibility of the witnesses has been described by our Indiana Supreme Court as follows:

"... In considering the weight of the testimony by this court, it must be remembered that such evidence comes before us merely in written words; while the court and jury trying the cause have it from the living voice, with whatever peculiar accent, emphasis, or intonation it may have; and that they see the witness, his countenance, looks, expression of face, manner, readiness, or reluctance, and the many nameless indices of truth or falsehood, which it is impossible to put in words. A statement of facts in words, though testified to by different witnesses, of various degrees of credibility, comes to us with the same weight, while to the court and jury their weight would be, in some instances, the full import of the words, and in others scarcely worth consideration. Hence it is that the credibility of a witness is a question solely for the jury, they being the triors [triers] of fact; and the presumption in this court must be that they understood their duty, and performed it. ...." Cox v. State (1875), 49 Ind. 568, 571.

*Hood v. State* (1974), 160 Ind.App. 667, 313 N.E.2d 546. The trier of fact is not required to accept defendant's exculpating testimony when the totality of the evidence reasonably supports a finding of guilt. *Hardin v. State* (1972), 153 Ind.App. 317, 287 N.E.2d 359.

It is clear from the evidence that there was substantial evidence of probative value from which the jury as the trier of fact could reasonably infer that defendant was guilty beyond a reasonable doubt.

### ISSUE NO. 3

Appellant's third alleged error is that the judgment of the trial court is contrary to law because it is not consistent with the verdict of the jury and is not supported by the evidence presented at trial. The ver-

dict reads, omitting captions, titles, and signatures the same for Count I as for Count II and is as follows:

> "We, the Jury, find the defendant Robert Eugene Moore guilty of the crime of theft as covered by Count I of the information and that he be fined $500.00 (here inserting a sum of money not exceeding $5,000.00) and that he be imprisoned for not less than One (1) nor more than Ten (10) years and be disfranchised and rendered incapable of holding any office of trust or profit for 5 years (here inserting the period of time)."

Appellant was sentenced by the court to not less than one (1) year nor more than ten (10) years with credit for time already served in connection with these charges. No fines or costs were assessed. The judge at sentencing asked appellant-defendant if he had any legal cause why judgment should not be pronounced and sentence imposed on the finding of guilty of *theft in a sum over $100.00* as covered on the verdict of the jury. The record shows no objection raised by the appellant-defendant. The front of the commitment papers shows *theft in a sum over $100*. The body of the commitment reads *theft in a sum less than $100.00* as covered by Count I [II] on verdict of jury. The order showed that appellant-defendant was to be imprisoned for a period of not less than one (1) nor more than ten (10) years on Count I, and the same on Count II. The record shows appellant-defendant appeared in person and by counsel at sentencing. No objection was raised at anytime to the alleged irregularities. No objection was made to the verdict forms during instructions prior to the jury deliberations.[3] No objection was made to the form of the verdict.

For these reasons, appellant-defendant is now precluded from arguing that alleged error. A defendant may not stand idly by and make no objection to the verdict and permit the jury to be discharged and then, when the verdict cannot be corrected, attack it. *Johnson v. State* (1978), 176 Ind.App. 567, 376 N.E.2d 542. *Smith v. State* (1965), 247 Ind. 126, 130, 211 N.E.2d 186, 189. Nor has the ap-

---

3. The jury was properly instructed, although the verdict form provided on theft from the person could have been more specific. The amount of money taken in a theft from the person, of which Moore was convicted, is not a factor. The instruction on theft from the person provided the jury with the option to use the verdict form which was in fact used here.

pellant shown that the verdicts are so defective and uncertain on their face that no judgment could be pronounced on them. *Page v. State* (1923), 193 Ind. 442, 139 N.E. 143.

Affirmed.

Robertson, J., Concurs (Sitting by designation).

Lowdermilk, J., Concurs (Sitting by designation).

NOTE—Reported at 381 N.E.2d 523.