Robert J. BATES, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 385S86.

Supreme Court of Indiana.

July 16, 1986.

Garry W. Miracle, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Appellant-Defendant Robert J. Bates brings this direct appeal following conviction of battery, class C felony, on which he was sentenced to a term of eight (8) years imprisonment, enhanced by thirty (30) years upon the jury's verdict finding defendant a habitual offender.

On the date of the offense, both the defendant and one Kevin Osborne were inmates in the maximum restraint unit of the Indiana Reformatory.

Defendant contends that the trial court erred as follows:

1. in excluding defendant's evidence regarding prison life and its inherent dangers, generally; and,

2. by permitting the state to cross-examine defendant regarding a prior conviction for the offense of assisting a criminal, a class C felony.

At trial, defendant asserted the claim of self-defense. He alleged that he and Osborne had at least one prior heated argument, that Osborne had previously threatened the defendant, and that defendant saw Osborne conceal a pick or knife on his person before removed from his cell for the recreation period. Defendant contends that it was this weapon which defendant, acting in self-defense, took from Osborne and used to stab him. The defendant testified that Osborne was a member of an informal organization of black inmates antagonistic to the defendant, and that Osborne had threatened that the defendant would be killed either by Osborne or by other organization members.

Just before the defendant testified on direct examination, a bench conference occurred in which defense counsel informed the court:

It is my intention to ask the defendant about reformatory life and what it's like to live in the reformatory unless reputed [sic] by the court from asking the question.

The trial court sustained the State's relevancy objection. Defendant now contends that this ruling denied defendant's rights of due process of law and fair trial. He now contends that the evidence was relevant "to give a complete picture to the jury of the violence and fear under which inmates in the Pendleton Reformatory live," and that "it is highly unlikely that persons with little or no exposure to prison life would understand the amount of violence that occurs each day."

Even assuming defendant's contention regarding Osborne's prior threats and being armed with a potentially dangerous weapon, defendant repeatedly stabbed Osborne while Osborne's hands were restrained behind his back while the handcuffs were being removed. Ind.Code § 35–41–3–2(a) provides in part:

A person is justified in using *reasonable* force against another person to protect himself or a third person from what he *reasonably* believes to be the *imminent* use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person or the commission of a forcible felony. (Emphasis supplied.)

Admission of evidence which is arguably relevant is a matter of trial court discretion, and we will reverse only upon a show-

ing that such discretion has been manifestly abused resulting in the denial of a fair trial. *Napier v. State* (1983), Ind., 445 N.E.2d 1361, 1364. In matters of relevancy, the trial judge has wide discretion. *Pearson v. State* (1982), Ind., 441 N.E.2d 468, 474.

Considering the conduct which comprised defendant's attack upon Osborne, his self-defense claim, and the statutory factors which comprised this defense, we do not find an abuse of discretion in the trial court's exclusion of the proffered evidence.

Defendant next contends that the State was improperly permitted to impeach the defendant by showing his prior conviction of assisting a criminal, a class C felony. Clearly, this is not one of the infamous crimes which would render a witness incompetent under Ind.Code § 34–1–14–14. We further agree that the offense of assisting a criminal does not necessarily involve dishonesty or false statements, and therefore is not admissible for purposes of impeachment. *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210. However, this does not require reversal of the conviction.

The erroneous admission of evidence is harmless error where a guilty finding is supported by substantial independent evidence of guilt. *Howell v. State* (1980), Ind., 413 N.E.2d 225, 226; *Moore v. State* (1972), 258 Ind. 200, 203, 280 N.E.2d 57, 59; *Fultz v. State* (1982), Ind.App., 439 N.E.2d 659, 662, *trans. denied.*

We agree with the State that the independent evidence supporting the conviction was clear and overwhelming. Two corrections officers witnessed the defendant, without reasonable imminent provocation, attack and repeatedly stab a defenseless handcuffed inmate.

We therefore find that the admission of evidence of the prior conviction for Assisting a Criminal constituted harmless error.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.