Edward E. WILLIAMS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 68A01–8812–CR–409.

Court of Appeals of Indiana,
First District.

Sept. 18, 1989.

Steven C. Smith, P.C., Anderson, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Edward Williams appeals his conviction of driving with .10% of alcohol in his blood, a class C misdemeanor.

We affirm.

Williams was observed by Officer Snell driving left of the center line of the highway. Because Snell was in plainclothes and driving an unmarked car, he was for-

bidden to stop Williams for the traffic violation. He radioed for another unit to follow Williams. Officer Weigand responded. In following Williams Weigand twice observed him drive left of center. After stopping Williams's vehicle, Weigand detected an odor of alcohol about Williams and observed that he had difficulty removing his driver's license from his wallet. After exiting the car, Williams swayed as he walked. He was given an alco-sensor test, and police determined he should take an intoxilyzer test. The results showed he had a blood-alcohol content of .16%.

Williams was charged with driving with a blood-alcohol content over .10% and of driving left of center. He was convicted of the alcohol offense and acquitted of driving left of center.

Williams's only issue is whether he could have been convicted of the alcohol offense when he had been acquitted of driving left of center, the activity which gave police probable cause to stop him. We hold that the conviction is supported by sufficient evidence, and there was no reversible error in the court's entering a judgment of conviction on the drinking and driving offense.

Williams fashions his argument thusly: because the jury acquitted him of driving left of center, it necessarily found he did not drive left of center. Since police justified the stop by testifying that they observed him driving left of center, the stop was illegal, and his conviction should be reversed.

■ Evidence discovered following an illegal stop of an automobile is subject to exclusion as "fruit of the poisonous tree." *See Porter v. State* (1987), Ind.App., 512 N.E.2d 454. To challenge the admissibility of a breath test obtained after police stopped his car, defendant can file a pre-trial motion to suppress. *Grimm v. State* (1978), 268 Ind. 145, 374 N.E.2d 501. To preserve any error in the denial of the

motion to suppress, a defendant must lodge an in-trial objection once admission of the evidence is sought. *Id.* Williams's motion to suppress, which apparently was never ruled upon, did not specifically mention admission of the intoxilyzer results, and therefore was inadequate to preserve any error. *Grimm, supra* at 503. He also did not interpose any objection to testimony regarding Williams's condition following the stop, or to evidence of the intoxilyzer results. Therefore, any error in admission of the intoxilyzer results was waived.[1]

■ Even if Williams had preserved the issue of the legality of the stop for review, he would not prevail on the specious argument that his acquittal on driving left of center defeats probable cause to stop him. In *Luckett v. State* (1972), 259 Ind. 174, 284 N.E.2d 738, the supreme court fashioned the test for judging the reasonableness of a vehicle stop: whether the facts known to the police are sufficient to warrant a man of reasonable caution in the belief an investigation was appropriate. Police officers have a duty to stop and investigate when they perceive a situation which poses a possible traffic hazard to motor vehicle traffic. 259 Ind. at 180, 284 N.E.2d at 742; *Castle v. State* (1985), Ind. App., 476 N.E.2d 522. The facts known to Officer Weigand were sufficient to justify the stop because he testified at trial that he observed Williams drive left of center twice, violations of IND. CODE 9-4-1-63; *Johnson v. State* (1983), Ind.App., 450 N.E.2d 123. Moreover, the sufficiency of the evidence to support the stop is not diminished by Williams's acquittal on the driving left of center offense. The quantum of .evidence which must be present to support an officer's stop of a vehicle is less than that required to support a conviction. The progression of evidentiary tests was a topic of LaFave and Scott:

---

1. We might construe Williams's argument to be that his conviction is invalid because of the illegality of the stop. As we have said, evidence discovered following an illegal stop is inadmissible. Accordingly, suppression of the fruits of an illegal stop or search remains defendant's remedy, and Williams may not attack the legality of his conviction on appeal. This is consistent with the rule that a conviction is not void where there has been an illegal arrest or detention. *Gerstein v. Pugh* (1975), 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54; *United States v. Basso* (2nd Cir.1980) 632 F.2d. 1007; *Rector v. State* (1971), 256 Ind. 634, 271 N.E.2d 452.

In the early stages of the criminal process, the police are limited in what they may do by several evidentiary tests. Some evidence (sometimes referred to as "reasonable grounds to suspect") must be present before an individual may be stopped and questioned ...

The high point in the evidentiary profile referred to above is the conviction stage, for it requires admissible evidence which establishes guilt "beyond a reasonable doubt." In a number of instances this means that the person on trial may not be convicted even though a layman, on the basis of all available facts, would reach the conclusion that the individual in question has engaged in criminal conduct ... As to that evidence which is received in the case, the fact-finder ... is to apply a high standard of persuasion, namely, the reasonable doubt test.

LaFave and Scott, *Substantive Criminal Law* § 14 at 22–23 (1986).

The jury's acquittal of Williams on the driving left of center charge represents only a failure of the high evidentiary burden which the State is required to maintain for conviction. Acquittal did not signify, as Williams contends, that Williams was not driving left of center.

Nevertheless, because Williams's remedy was suppression of the intoxilyzer test results, and he had not pursued this remedy or preserved any error, he has not presented reversible error.

Judgment affirmed.

RATLIFF, C.J., and SHIELDS, P.J., concur.