Terrell CASON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S00–9604–CR–259.

Supreme Court of Indiana.

Oct. 29, 1996.

Jeff Schlesinger, Appellate Public Defender, Crown Point, for Appellant.

Pamela Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

A jury found that appellant Terrell L. Cason murdered Roseann Garza.   Ind.Code

Ann. § 35–42–1–1 (West Supp.1995). The trial court sentenced him to fifty-five years in prison. We affirm.

The evidence at trial revealed that on the night of July 9, 1995, Cason entered Vincente's Mexican Inn in East Chicago, Indiana. Proprietor Vincent Garza noticed that Cason's pants were "down pas[t] the crack of his behind" and ordered him to pull up his pants and "show some respect." R. 103. The two exchanged a few words and Garza refused to serve Cason. Cason departed, saying he would return and "get" Mrs. Garza, who was working in the kitchen. R. 104.

A short time later, Cason appeared in the restaurant's door and fired a gun eight or nine times into the interior. One of these shots hit Mrs. Garza in the head. She died a few hours later.

■ Cason claims on appeal that the trial court erred by refusing to permit him to impeach one of the many witnesses who identified him as the perpetrator by informing the jury of the witness's conviction for assisting a criminal, Ind.Code Ann. § 35–44–3–2 (West 1986). Cason correctly concedes that this crime is not an impeachable offense under Ind. Rule of Evidence 609(a). We so held before adoption of the Rules of Evidence. *Bates v. State,* 495 N.E.2d 176 (Ind. 1986).

Cason claims, however, that the witness's conviction should have been admissible because the witness had originally been charged with robbery but pled guilty to a lesser charge. What a prosecutor might have proven had that case been tried is, of course, a matter of speculation. We agree with the Attorney General that the court trying the instant case was not obligated to litigate that speculation and that the court did not err by refusing Cason's effort to use the conviction for assisting a criminal for impeachment of the witness.

■ Cason also claims that the trial court erred by admitting six photographs from which witnesses identified him as the perpetrator. He cites our warning in *Splunge v. State,* 641 N.E.2d 628, 632 (Ind. 1994), about the dangers of introducing "mug shots" at trial. These have the potential to prejudice a defendant before a jury by implicating him in prior crimes. Still, such photographs are admissible if "(1) they are not unduly prejudicial, and (2) they have substantial independent probative value." *Id.*

Appellant concedes that these photographs contained none of the potentially damning features of mug shots, like information about prior criminal charges or nameplates hung around the suspects' necks. He also concedes that the perpetrator's identity was an issue in his trial. Under these circumstances, it was appropriate for the trial court to admit the photographs.

■ Finally, Cason alleges error in the admission of a holster found by the police under a bunkbed he and some cousins sometimes used at his aunt's home. He contends that the prejudicial value of his holster outweighed its probative value, and that its admission therefore violated Ind. Rule of Evidence 403.

The State argues the holster had probative value because it tended to establish that Cason possessed a gun. If this be so, the probative value was surely close to zero. On the other hand, in a trial with so many witnesses testifying that Cason walked into a restaurant and blazed away with a gun, any prejudice flowing from the holster's admission was also close to zero.

■ A trial court's evidentiary rulings are presumptively correct, and Cason bears the burden on appeal of persuading us that the court erred in weighing prejudice and probative value under Rule 403. The two seem so close to equipoise that we cannot say the trial judge erred. Even if we accepted Cason's claim that admitting the holster was error, however, we could be quite confident that the error did not affect his substantial rights and does not warrant reversal. Ind. Trial Rule 61.

Accordingly, we affirm the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.